EDWARDS, Judge.
Vashti H. Thierry, an employee of the Louisiana Department of Health and Human Resources, Division of Management, was injured on the morning of April 6,1976, when she tripped over a raised wire and fell in a parking lot owned by the state and located immediately west of the building in which she worked. She brought suit against the State of Louisiana, through the Division of State Buildings, Grounds and Capitol Police, seeking $20,693.73 in damages.[1]
Following a bench trial, the district judge, in oral reasons for judgment, found that plaintiff had been contributorily negligent. He therefore found it unnecessary to determine whether the state had been negligent. Judgment was signed dismissing plaintiff’s petition and condemning her to pay all costs including one expert witness fee. From that judgment, plaintiff appeals. We affirm.
A review of the record indicates that plaintiff regularly used the parking lot in which she fell. On the day in question, she drove down a concrete driveway which terminated at a shed. A few feet in front of the shed were two posts with a wire strung between them at a height of from twelve to eighteen inches from the ground. Plaintiff angled to the right off the concrete drive and parked on the shell lot beyond the posts and wire and beside the shed. She picked up some packages, left her car, stepped onto the driveway and headed back down it toward her office building. After two or three steps, plaintiff tripped over the wire and fell. The testimony conflicted as to whether or not a sign was hung from the wire.
The trial judge found that plaintiff had used the parking lot often and over a long period of time. He observed that plaintiff should have seen the wire because it was obvious. Plaintiff’s own pictures of the scene, taken subsequent to the accident, indicate that the wire was clearly visible, even if it were lower when plaintiff tripped and had no warning sign.
This accident occurred in broad daylight while plaintiff was going to work. She simply failed to see what she should have seen and fell because she did not look where she was going. In Smith v. Hartford Accident and Indemnity Company, 385 So.2d 858 (La.App. 1st Cir. 1980), we denied recovery to a plaintiff who failed to watch where she was going under conditions substantially more adverse than in the present case. Considering the prevailing conditions in the present case, we cannot say that the trial judge was manifestly wrong in finding plaintiff contributorily negligent.
For the foregoing reasons, the judgment appealed from is affirmed. All costs, both trial and appellate, are to be paid by Vashti H. Thierry.
AFFIRMED.

. The state filed a peremptory exception of no cause of action on the ground that plaintiff’s sole remedy was workmen’s compensation. While this exception may well have had merit, it was not acted upon by the trial court and, in view of the result and the absence of any appeal by the state, need not be acted upon by this court.