517 So.2d 1030 (1987)
Roderick W. LEJEUNE, Individually and as Administrator, Plaintiffs-Appellants,
v.
ACADIA PARISH SCHOOL BOARD, et al., Defendants-Appellees.
No. 86-876.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Chambers & Trahan, Noble M. Chambers, Jr. and John Trahan, Crowley, for plaintiffs-appellants.
Allen, Gooch, Bourgeois, Breaux & Robison, P.C., James Gibson, Arthur I. Robison, Lafayette, for defendants-appellees.
Before FORET, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Roderick W. Lejeune, individually and on behalf of his minor daughter, Edith, appeals the adverse determination of his damage claim against the Acadia Parish School Board and its insurer, Integrity Insurance Company, for injuries Edith received when she tripped over a cable on school board property. The trial court concluded Lejeune *1031 failed to prove the cable was in the custody of the school board and that it did not pose an unreasonable risk of harm. Lejeune contends the trial court was manifestly erroneous in its conclusions. We affirm.

FACTS
On May 15, 1983, Edith, who was ten years of age, attended a Tee-ball game in the community of Egan on school board property leased by the Egan Community Recreational Department for use by the Egan Little League. The Little League parents maintained the property. Edith's mother, Phyllis Lejeune, had taken Edith to the ball park to watch a game her younger sister, Emily, was playing. After staying awhile Phyllis left and returned home.
A barrier between the parking lot and baseball field existed which consisted of a cable suspended along and through a series of concrete posts. The cable was about as high as Edith's knees. With the exception of an entrance on the far side of an adjacent baseball field, the only way to go from the parking lot to the Tee-ball field was to step over the cable.
Edith was watching the Tee-ball game from behind the backstop when Gerry Pousson, one of the coaches, asked Edith to locate her four year old son.
Edith searched for the child in the vicinity of the parking lot. In order to report to Mrs. Pousson, Edith had to cross the cable. While running back to tell her she could not find her son, Edith tripped over the cable severely injuring her left knee.
Edith was taken home and on the next day learned her left knee was broken and her ligaments were torn. Surgery was required to repair the knee and her leg was in a cast for approximately one month.

UNREASONABLE RISK OF INJURY
Lejeune contends the trial judge erred in finding that the suspended cable did not present an unreasonable risk of harm to others.
A landowner or occupier of land does not insure against the possibility of an accident, but he must act as a reasonable man in view of the probability of injury to others. Shelton v. Aetna Cas. & Sur. Co., 334 So.2d 406 (La.1976). In reviewing a trial court's findings of fact, an appellate court cannot overrule the trial court's evaluation of witnesses and determination of facts unless the record reveals the trial court's findings are clearly wrong. Manuel Truck & Equip. Co. v. B.G. Hooker Petroleum, 430 So.2d 1367 (La.App. 3rd Cir.1983), writ denied, 438 So.2d 568 (La. 1983); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In an action based on LSA-C.C. Art. 2317 a plaintiff must prove, inter alia, that the thing which caused the injury creates an unreasonable risk of harm to others. Jones v. City of Baton RougeParish of East Baton Rouge, 388 So.2d 737 (La.1980). Among the factors to be considered in determining whether a condition is unreasonably dangerous is the ease with which it may be observed by the potential victim. Poe v. State Farm General Ins. Co., 360 So.2d 634 (La.App. 3rd Cir.1978). Not every minor imperfection or irregularity will give rise to strict liability. The defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Koppie v. Commercial Union Insurance Company, 478 So.2d 179 (La.App. 3rd Cir.1985), writ denied, 479 So.2d 922 (La.1985).
In the case sub judice the trial court concluded that the cable fence did not constitute an unreasonable risk of harm. It found that the cable fence was visible, that the accident occurred in daylight and that the grass did not obscure it. Compare Fusilier v. Northbrook Excess & Surplus Ins., 471 So.2d 761 (La.App. 3rd Cir.1985), writ denied, 472 So.2d 918 (La.1985). The evidence also preponderates that Edith was fully aware of the fence, having crossed it many times during the two years she visited the field and having played around the fence many times on the day of the accident. Edith candidly admitted that she knew the fence was there, but that she was not paying attention when she ran into it.
*1032 Under the facts of this case we cannot say that the trial court was manifestly erroneous in its conclusion that the cable fence was not unreasonably dangerous. In accord, see Thierry v. State, Etc., 393 So. 2d 464 (La.App. 1st Cir.1980).
Having concluded that Lejeune did not prove that the cable fence presented an unreasonable risk of harm, it is unnecessary to address the remaining issues.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of the appeal are assessed to Lejeune.
AFFIRMED.