609 So.2d 991 (1992)
Doris HUGHES
v.
Hayward GREEN.
No. 91-CA-1693.
Court of Appeal of Louisiana, Fourth Circuit.
November 24, 1992.
Writ Denied February 5, 1993.
Thomas E. Loehn, Ralph T. Rabalais, Boggs, Loehn & Rodrigue, New Orleans, for plaintiff/appellant.
Thomas M. Richard, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendants/appellees.
*992 Before CIACCIO, ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
Plaintiff, Doris Hughes, appeals from a judgment against her and in favor of defendants, Hayward and Ora Green, and their insurer, Independent Fire Insurance Company. We affirm.
Plaintiff filed this action seeking damages for injuries allegedly sustained during the early morning hours of November 19, 1988, when the sheetrock ceiling of her bedroom fell on her and her boyfriend, as they slept. Plaintiff was a tenant in a four-apartment building owned by the Greens. Plaintiff also sought damages for wrongful eviction from her apartment.
The testimony of plaintiff, her boyfriend, and the Greens established that in fact the entire sheetrock ceiling in plaintiff's bedroom had fallen. Nevertheless, the jury found that the Greens were not negligent, and that neither the apartment building nor its component parts had fallen to ruin. The jury further found plaintiff at fault in causing her accident. Finally, the jury found that the Greens did not wrongfully evict plaintiff.[1]
On appeal, plaintiff claims that (1) the trial court erred in giving instructions to the jury; (2) the findings of the jury were clearly wrong; (3) the trial court erred in denying her motion for a new trial; and (4) the trial court erred in failing to award her damages.
Plaintiff claims the trial court erred in instructing the jury as to the law on negligence, as to the defense of fortuitous event, on the issue of victim fault, and on the apportionment of fault between plaintiff and defendants, as the evidence did not substantiate giving any of these charges.
Plaintiff correctly points out that, on appeal, a determination that a trial court erroneously instructed the jury does not warrant a remand to the trial court when the appellate court has all the facts before it. See, Gonzales v. Xerox Corporation, 320 So.2d 163, 165-166 (La.1975); Clay-Dutton, Inc. v. Plantation Nursing Home, 239 So.2d 442 (La.App. 4th Cir.1970). Plaintiff submits that this court has all the facts before it, and asks that we consider the merits of her claim should we find the trial court erred in instructing the jury.
Assuming, for the sake of argument, that the trial court erred in instructing the jury, for the following reasons, we find that plaintiff failed to make out a prima facie case to recover damages under a theory of strict liability, which plaintiff strongly urges, is the only basis of liability supported by the evidence.
La.C.C. art. 2317 provides generally, that persons are responsible, i.e., strictly liable, for the damage occasioned by the things in their custody. La.C.C. art. 2322 specifically imposes strict liability on the owner of a building for defects and provides:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.
In Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978), the Louisiana Supreme Court set out the three requirements which must be met before strict liability under C.C. art. 2322 may be imposed:
(1) There must be a building; (2) the defendant must be its owner; and (3) there must be a "ruin" caused by a vice in construction or a neglect to repair, which occasions the damage sought to be recovered.

Id. at 1289.
Plaintiff met her burden in establishing the first two requirements of a prima facie case. However, she failed to present sufficient evidence to meet the third requirement. Proof of the third prong is met by showing, in the instant case, that the sheetrock ceiling of plaintiff's bedroom was defective, i.e., that it presented an unreasonable risk of harm to the plaintiff, and that she sustained damages as a result of that defect. Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106 (La.1990); Entrevia v. Hood, 427 So.2d 1146, 1148-1149 *993 (La.1983); Burton v. Berthelot, 567 So.2d 649, 657 (La.App. 4th Cir.1990), writ denied, 569 So.2d 989 (La.1990). See also, Crowe, The Anatomy of a Tort, 22 Loy. L.Rev. 903 (1976).
The existence of a defect, or condition which presents an unreasonable risk of harm, cannot be inferred solely from the fact that the accident occurred. Broussard v. Pennsylvania Millers Mutual Insurance Company, 406 So.2d 574, 576 (La. 1981); Mansour v. State Farm Mutual Automobile Insurance Company, 510 So.2d 1305, 1308 (La.App. 3rd Cir.1987).
In the instant case, plaintiff presented no evidence to establish that the ceiling was defective or presented an unreasonable risk of harm. Plaintiff and other witnesses testified that there had been nothing which would have indicated something was wrong with the ceiling in question. There was evidence that on one occasion there had been some damage to the sheetrock ceiling of a first-floor apartment after occupants in an upper apartment allowed a washing machine to overflow. However, plaintiff lived in one of the two upper apartments located on the second floor of the two-story building. There was not a scintilla of evidence that plaintiff's ceiling had sustained any type of water damage, or was defective in any other way.
It cannot be inferred that because the ceiling collapsed, it was defective. Plaintiff offered no possible explanation through, for instance, the testimony of a building contractor, as to why it may have fallen, such as improper installation. The only expert testimony presented by plaintiff related to her alleged injuries and was given by physicians. She relied solely on the fact that the ceiling collapsed, and the Greens' ownership of the apartment building, in her attempt to establish defendants' strict liability under La.C.C. arts. 2317 and 2322.
Considering all of the evidence, we find that plaintiff failed to meet her burden of establishing that the ceiling was defective, i.e., presented an unreasonable risk of harm, and thus that the Greens were strictly liable under La.C.C. arts. 2317 and 2322.[2]
Because we have found that the evidence does not establish liability on the part of the defendants, discussion of plaintiff's other assignments of error is moot.
For the foregoing reasons, we affirm the judgment of the trial court in all respects.
AFFIRMED.
NOTES
[1] Plaintiff raises no assignment(s) of error relating to her wrongful eviction claim.
[2] Our finding that the evidence did not establish that the ceiling presented an unreasonable risk of harm necessarily precludes a finding of liability based on a theory of negligence under La.C.C. art. 2315. See Hunt v. City Stores, Inc., 387 So.2d 585, 588 (La.1980).