638 So.2d 437 (1994)
John MATHERNE
v.
Ann and Danny SOMME.
No. 94-CA-55.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 1994.
*438 J. Eric Bethancourt, Kerry E. Shields, Lester J. Waldmann, Waldmann & Harrington, Gretna, for plaintiff/appellant.
Joel T. Chaisson, II, Chaisson & Chaisson, Destrehan, for defendants/appellees.
Before GAUDIN, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal of a trial court judgment which found defendants not liable for plaintiff's injuries. For the following reasons, we affirm.
Plaintiff, John Matherne, filed this action after suffering injuries to both arms when he allegedly slipped in the bathroom of the trailer *439 he was renting from the defendants, Danny and Ann Somme, and severely cut both forearms when he fell through one of the glass doors of the shower. Plaintiff alleges that the defendants were liable for his injuries under negligence and/or strict liability, and further asserts that he was not comparatively negligent in the accident. After a one-day bench trial on the merits, the trial court rendered judgment, finding defendants not liable for plaintiff's injuries. Plaintiff brings this appeal, asserting that the trial court erred in not finding the defendants strictly liable for defects in their rental property, in not finding the defendants negligent in the maintenance of their rental property and in finding any comparative negligence.
In a typical negligence case (i.e., one asserted under LSA-C.C. art. 2315), the injured plaintiff must prove that the thing which caused the injury was owned by or was in the custody of the defendant, that it created an unreasonable risk of harm or injury (i.e., it was defective) that resulted in damage, that the defendant knew or should have known of the risk, and the defendant failed to render the thing safe or to take adequate steps to prevent the damage caused by the thing. Limberg v. Winn Dixie Louisiana, Inc., 622 So.2d 1178, 1179 (La.App. 4 Cir. 1993), citing Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982).
The same burden of proof is on the plaintiff in a strict liability case (i.e., one asserted under LSA-C.C. art. 2317), except that the plaintiff is relieved of proving that the defendant knew or should have known of the risk involved. The plaintiff must still prove that, under the circumstances, the thing presented an unreasonable risk of harm which resulted in the damage. Limberg, supra.
At the trial on the merits, plaintiff testified that he and his wife (from whom he was divorced at the date of trial) rented the trailer from the defendants and had lived there for approximately four to six months prior to his accident. He testified that as long as they lived there, the glass shower doors to the tub in the bathroom leaked water onto the floor when the shower was turned on. Plaintiff and his wife would therefore place a towel on the floor when showering in order to soak up the leaking water. Plaintiff also testified that prior to the accident, he notified Mr. Somme of the leaking shower doors.
Plaintiff testified that on the day of the accident, he was in the bathroom trimming his beard and turned the shower on because he was also going to take a shower. On two occasions, he asked his wife, who was watching television in the den, if she would join him, and upon his return to the bathroom, he slipped in the standing water on the bathroom floor and fell forward, into one of the shower doors, breaking the glass and severely injuring his two forearms. He was thereafter rushed to the hospital where he underwent surgery to repair the deep lacerations to both arms, one of which severed the radial artery and median nerve of his right arm.

NEGLIGENCE
Plaintiff alleges that the defendants were negligent by failing to fix the leaking shower after having knowledge of the leak. In addition to plaintiff testifying that he notified Mr. Somme about the leak, Debra Matherne (plaintiff's former wife) also testified that she notified Mrs. Somme about the shower leak prior to the accident. However, both Mr. and Mrs. Somme testified at trial that neither Mr. or Ms. Matherne told them of the leaking shower doors and that they had no prior knowledge of the problem.
In finding that the plaintiff failed to prove that the defendants knew or should have known of the leak in the bathroom (a requisite to a finding of negligence), the trial court concluded that the defendants' testimony was more credible than the testimony of the plaintiff and his former wife. Where a conflict exists in the testimony, a trial court's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though an appellate court may feel its own evaluations and inferences are more reasonable. Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La. 1993). Therefore, we cannot say that the trial court erred by failing to find the defendants negligent.

*440 STRICT LIABILITY
Plaintiff asserts that the defendants were strictly liable for his injuries because the leaking shower doors and the material of which they were made (glass, as opposed to safety glass, plexiglass or plastic) combined to create an unreasonable risk of harm or injury (i.e., the shower doors were defective). To determine whether a particular risk is unreasonable, the court must balance the claims and interests, weigh the risks and the gravity of harm, and consider the individual and societal rights and obligations. The court must balance the probability and magnitude of the risk against the utility of the thing. Limberg, supra. (citations omitted).
At trial, only the plaintiff and his former wife testified as to the condition of the shower. The plaintiff testified that because the shower doors leaked, when he took a shower, he normally placed a towel on the floor to soak up the leaking water. However, he could not recall whether he had placed a towel on the floor on the date of the accident.[1]
Debra Matherne, plaintiff's former wife, also testified at trial that the shower doors leaked ever since they moved in and that they would place a towel on the ground to soak up the water. She further testified that on the date of the accident, Mr. Matherne asked her twice to join him in the shower, and although he has a bad temper, he was not angry with her at the time. While she did not see Mr. Matherne fall, she testified that she did not feel he had anything to do with the accident. She also testified that when Mr. Matherne asked her to join him in the shower, his body was not wet, but his hair was. However, much of her trial testimony was contradictory to the testimony she gave at a prior deposition.
At Ms. Matherne's deposition (which was introduced into evidence and forms part of the record before us), she testified that Mr. Matherne yelled a couple of times for her to join him in the shower and that he was getting impatient prior to his accident. She also testified that he was "soaking wet" when she was helping him get dressed to go to the hospital immediately after his accident. She later testified in her deposition that when he came out of the bathroom to ask her to join him, he had soap on him and that his hair was not wet.
When balancing the claims and interests and weighing the risks and the gravity of harm to determine whether or not the shower doors posed an unreasonable risk of harm to the plaintiff, the trial court found that the testimony of Mr. and Ms. Matherne failed to adequately prove that the shower doors were defective.
It is well settled that the existence of a defect, or condition which presents an unreasonable risk of harm, cannot be inferred solely from the fact that the accident occurred. See, Hughes v. Green, 609 So.2d 991, 993 (La.App. 4 Cir.1992), writ denied, 612 So.2d 82 (La.1993), and the cases cited therein. Further, determinations of the credibility of witnesses and the weight to be placed on their testimony is a factual matter, and a court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart, supra. After a thorough review of the record, we cannot say that the trial court was manifestly erroneous in finding the defendants not liable for plaintiff's injuries. Accordingly, the judgement appealed from is hereby affirmed.
AFFIRMED
NOTES
[1] By contrast, Mr. Somme testified that just after the accident, he went into the bathroom and observed the shower still on, broken glass on the floor and in the tub, but no towel on the floor.