JjGAUDIN, Judge.
The sole issue before this Court is whether the trial judge correctly dismissed the suit filed against Lloyd J. Frickey by the Parish of St.' Charles through its Department of Planning and Zoning. We affirm.
Frickey testified that he built his carport in 1989. If the trial judge accepted this testimony and found that the carport was in fact constructed in 1989, the Parish’s petition, filed on July 1, 1993, was not timely.
The suit runs afoul of LSA-R.S. 9:5625(A), which states, in pertinent part, that actions such as this “... must be brought within two years from the first act constituting the commission of the violation ...”
The wording in this statute requiring written notice to the Parish before the two-year prescription period starts to run is in reference to use regulations. The possible violation of a use regulation is of no moment here. Frickey is not using his carport in violation of any St. Charles Parish use restriction.
|2The trial court, in his orally assigned reasons for judgment, made it clear that he was only ruling on the exception of prescription. If a boundary dispute exists between neighbors, the trial judge stated, this “... would have to be settled in another forum in another case.”
The trial judge further said that Frickey should do everything in his power to correct the flow of water onto his neighbor’s property. This was sound advice.
The Parish of St. Charles is to bear costs of this appeal.
AFFIRMED