|2CANNELLA, Judge.
Plaintiff, Parish of St. Charles through the Department of Planning and Zoning (St. Charles Parish), appeals from a judgment rendered in favor of defendant, Grimaldi Corporation (Grimaldi), granting Grimaldi’s exception of prescription. For the reasons which follow, we reverse and remand.
On April 28, 1994, St. Charles Parish filed this action against Grimaldi alleging that Gri-maldi was using property in a residentially zoned area, “Lot 1 — 4, Square B, St. Charles Terrace Annex Subdivision, New Sarpy, La.,” to operate a business. More particularly, it was alleged that Grimaldi was engaged in the storage of abandoned, junked, wrecked and/or derelict vehicles in violation of certain parish ordinances.
On May 20, 1994, Grimaldi responded by filing an exception of prescription. The prescription exception was considered by the trial court at a hearing held on March 29, 1996 and judgment was rendered granting the exception on April 30, 1996. It is from this judgment that St. Charles Parish appeals.
|-jOn appeal, St. Charles Parish argues that the trial judge erred in granting Grimaldi’s prescription exception. Under La.R.S. 9:5625(A), applicable to this case, prescription does not begin to run until the parish is notified in writing of the use violation. St. Charles Parish argues that the burden of proof is on the party claiming prescription and that Grimaldi has not shown any such written notice to the parish causing prescription to run.
Whiie Grimaldi concedes that under La. R.S. 9:5625(A) prescription runs from actual notification of the parish in writing, it nevertheless argues that prescription has run in this case because “the inspector had personal knowledge of the violations before the 1972 amendment to R.S. 9.5625. We disagree,
La.R.S. 9:5625(A), which provides the prescriptive period for zoning violations, provides:
All actions civil or criminal, created by statute, ordinance or otherwise, except those actions created for the purpose of amortization of nonconforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, which may be brought by parishes, municipalities or their instrumentalities or by any person, firm or corporation to require enforcement of and compliance with any zoning restriction, building restriction or subdivision regulation, imposed by any parish, municipality or their instrumentalities, and based upon the violation by any person, firm or corporation of such restriction or regulation, must be brought within two years from the first act constituting the commission of the violation; provided, that where a violation has existed for a period of two years prior to August 1, 1956, except those actions created for the purpose of amortization of nonconforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, the action must be brought within one year from and after August 1, 1956, and provided further that with reference to violations of use regulations all such actions, civil or criminal, [¿¡except those actions created for the purpose of amortization of nonconforming signs and billboards in conformity with the provisions of R.S. 33:4722, must be brought unthin two years from the date the parish, municipality and their properly authorized instrumentality or agency if such agency has been designated, first had been actually notified in writing of such violation. Except as relates to nonconforming signs and billboards, any prescription heretofore accrued by the passage of two years shall not be interrupted, disturbed or lost by operation of the provisions of this section. (Emphasis added.)
The jurisprudence interpreting this statute unif0rmly holds that under this provision, as amended in 1972j the Uvo year preSCriptive perfod for zoning use violations does not begin to mn untü the appropriate governmental agency ig not¡fíed ^ of the violation. Prior to this amendment, zoning use violations prescribed, as did other violations of zoning regulations, building restrictions or subdivision regulations, within two years from the date that the governmental *163 agency first had knowledge of the act constituting the violation. City of New Orleans v. Elms, 566 So.2d 626 (La.1990); Parish of St. Charles Through Dept. of Planning and Zoning v. Frickey, 94-64 (La.App. 5th Cir. 5/31/94), 638 So.2d 437, writ denied 94-1751 (La.10/7/94), 644 So.2d 644.
In the trial court’s reasons for judgment, reference is apparently made only to the law prior to the 1972 amendment to La.R.S. 9:5625. The trial court stated that “The only issue presented to the Court is prescription under R.S. 9:5625, Subparagraph A. It requires that an alleged violation be brought within two years of the first act constituting the commission of the violation.” The trial court then finds that zoning personnel had knowledge of the violation for more than two years prior to the filing of suit. We find that the trial court erred in not applying the law as amended in 1972, requiring | ¡written notice to the required governmental agency, before prescription begins to run.
Grimaldi may be arguing that the law prior to the 1972 amendment should apply to this case by its statement that “the inspector had personal knowledge of the violations before the 1972 amendment to R.S. 9:5625_” However, this is not borne out by the record.
First, Judith Cailliouet (Cailliouet) is the zoning department employee alleged to have had personal knowledge of Grimaldi’s violations. She testified, at the 1996 hearing, that she had been an employee of the zoning department for sixteen years. Thus, in relying on Calliouet’s knowledge, at best, it can be argued that the zoning department acquired knowledge of the property use violation in 1980 when her employment with the zoning department commenced, which was eight years after the 1972 amendment to La.R.S. 9:5625. Furthermore, the prior use of the property was of a different character than that of Grimaldi. The property had been used as a lounge and, in part, as a trailer park. Grimaldi purchased the property on April 21, 1989 and had the trailers removed and the lounge torn down. He immediately began operating his auto repair, storage and towing business on this property well after the 1972 amendment to La.R.S. 9:5625 and the 1981 adoption of the zoning ordinances.
The burden of proof is on the party alleging prescription. Parish of Jefferson v. Jacobs, 623 So.2d 1371 (La.App. 5th Cir.1993). Grimaldi did not meet its burden of proving written notice to St Charles Parish more than two years before suit was filed. Also, Grimaldi did not prove that the zoning department had knowledge of any use violation before the amendment to La.R.S. 9:5625.
| (Accordingly, we find that the trial court erred in granting Grimaldi’s exception of prescription. We reverse that ruling and remand. Costs of appeal are assessed against Grimaldi.
REVERSED AND REMANDED.