liKLEES, Judge.
On January 8, 1997, the plaintiff Norbert Reilly (“Reilly”) filed this suit against Kaiser Aluminum & Chemical Corporation (“KACC”), its executive officers and insurers, and several manufacturers and distributors of asbestos (hereinafter, the “appellees”) alleging asbestos related injuries while working at KACC’s facility. In March and April of 1997, Reilly’s wife and four children (hereinafter, the “appellants”) were substituted in Reilly’s survival action and they also asserted wrongful death claims on their own behalf. The appellee’s filed exceptions of prescription alleging that the appellants’ survival action was prescribed because the original suit was not filed within one year of the initial diagnosis of malignant mesothelioma. The trial court maintained the exceptions of prescription on May 23, 1997. The appellants filed a devolutive appeal from this final judgment. We affirm.

STATEMENT OF THE CASE

From 1952 until 1983, Reilly was employed as a sign painter at KACC’s Chalmette facility. In November of 1995, Reilly visited Dr. Hans Schuller, a pulmonologist, for shortness of breath and left sided chest pain. On this initial examination, Dr. Schuller inquired as to whether Reilly had been exposed to asbestos. Although Reilly denied that he had worked with asbestos, he later brought a handwritten note to Dr. Schuller stating that his work did require him to work around asbestos dust.[1]
|2On December 11, 1995, Dr. Grumpier diagnosed Reilly with malignant mesothelioma, a fatal cancer of the lining of the lungs. Thereafter, Reilly sought a second opinion from M.D. Anderson Hospital where he consulted with Dr. Nicholas Papadopoulis. Dr. Papadopoulis asked Reilly questions concerning his asbestos exposure during this visit on December 12, 1995. After Dr. Papadopoulis confirmed the diagnosis of mesothelioma, he referred Reilly to Dr. Frank Fossella, an oncologist at M.D. Anderson, for follow up care.
On December 20, 1995, Dr. Fossella again questioned Reilly about his exposure to asbestos. Reilly informed Dr. Fossella that he had been exposed to asbestos for thirty-one years while working at the KACC facility.
On January 8, 1997, Reilly filed this suit against the appellee’s alleging that his contraction of malignant mesothelioma was linked to his prior exposure to asbestos while at work. Reilly died on January 22, 1997. Thereafter, Reilly’s survivors were substituted in the survival action and they also assert wrongful death claims. The trial court maintained the exceptions of prescription on March 23, 1997 ruling that the appellants’ claim was prescribed on its face. Thus, the burden of proof was shifted to appellants to prove that their claim had not prescribed. Thereafter, the trial court found that the appellants failed to overcome the burden that the case had not prescribed.

SPECIFICATION OF ERROR

1. Whether the trial court erred in shifting the burden of proof regarding the peremptory exception of prescription from the appellees to the appellants.
2. Whether the trial court erred by finding that Reilly and/or the appellants knew or could reasonably have known that Reilly’s disease was related to asbestos prior to one year before filing the suit.
3. Whether the trial court erred in applying the “reasonableness standard” regarding prescription in long-latency occupational disease cases.

ARGUMENT

13An asbestos related action is subject[1] to a liberative prescription of one year. La./ Civ.Code art. 3492. This prescription commences to run from the day injury or darn- *225 age is sustained. Id. As stated in Cole v. Celotex Corporation, “damage is considered to have been sustained, -within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action.” 620 So.2d 1154, 1156 (La.1993). However, where the cause of action is not known or reasonable knowable by the plaintiff, courts have used the doctrine of contra non valentem to prevent the running of prescription. Id. Thus, for the appellants to prevail, they have to prove that Reilly did not know or should not have known that his malignant mesothelioma was caused by his occupational exposure to asbestos a year prior to his filing the action on January 8,1997.
I. Whether the trial court erred in shifting the burden of proof regarding the peremptory exception of prescription from the appellee’s to the appellants’.
The burden of proof is on the party alleging prescription. Parish of St. Charles v. Grimaldi Corporation, 96-663, 696 So.2d 161, 162 (La.App. 5 Cir.1997). However, if the petition shows on its face it has prescribed, then the burden of proof shifts to the plaintiff to counter the affirmative defense of prescription. Caro v. Bradford White Corp., 678 So.2d 615 (La.App. 5 Cir.1996).
The trial court erred in finding that appellants’ petition had prescribed on its face. Thus, the court erred in shifting the burden of proof from the appellees to the appellants. In this case, the petition does not even allege that Reilly was diagnosed with mesothelioma on any particular date. Additionally, Reilly’s petition alleges that he did not discover the tort more than one year prior to filing the suit. Consequently, because Reilly’s petition does not show that the claim is prescribed on its face, the burden of proof rested with the appellees to prove that appellants’ claim had prescribed.
|42. Whether the trial court erred by finding that Reilly and/or his survivors knew or could reasonably have known that Reilly’s disease was related to asbestos prior to one year before filing the suit.
Despite the fact that the trial court erred by shifting the burden of proof to the appellants, the trial court’s conclusion was correct because the appellees met the requisite burden of proof that Reilly and/or his survivors knew, or should reasonably have known, that Reilly’s disease was related to asbestos over a year prior to January 8,1997.
Reilly testified that he was diagnosed with mesothelioma by mid-November, early December 1995. The doctors testified that Reilly was questioned, repeatedly, as to whether or not he was exposed to asbestos while employed at KACC’s. Additionally, Reilly testified in his own deposition that he was told that mesothelioma was caused by exposure to asbestos. Further, Reilly amended his medical history report, after being diagnosed with mesothelioma at Slidell Memorial Hospital, to reflect that his work did require him to work around asbestos. From these facts, the appellants should have known that Reilly had an asbestos-related disease over a year prior to January 8, 1997. Thus, the appellees have met the requisite burden that the appellants’ claim has prescribed and the exception of prescription must be sustained.
3. Whether the trial court erred in applying the reasonableness standard regarding prescription in long-latency occupational disease cases.
The appellant alleges that the trial court either ignored or grossly misapplied the reasonableness standard of Cole v. Celotex Corp. Appellants’ argument is without merit.
The Court in Cole v. Celotex relied upon the doctrine of contra non valentem to state that “when prescription begins to run depends on the reasonableness of a plaintiffs action or inaction.” 620 So.2d 1154, 1157 (La.1993). However, the facts in Cole are quite different than the facts in this ease. 1 BIn Cole, the plaintiff was diagnosed with pleurisy or early pneumonia in 1955. Again, in 1979, he was told by the company physician that “something showed up on his chest x-ray” and that it was “pleurisy or pneumonia or something like that.” Id. at 1155. Consequently, the doctors requested that the *226 plaintiff continue to be monitored on an annual basis, although he did not have any ill effects or symptoms associated with asbestosis. Id.
The plaintiff was not diagnosed with asbestosis until late 1985 or early 1986. Id. The court found that plaintiffs delay in filing suit until October 1986 against manufacturers of asbestos-containing products was reasonable, and the action had not prescribed because, prior to 1985, he had been told that the x-ray findings of plaque on his lungs could be result of several causes besides asbestosis.
Unlike the facts in Cole, Reilly was diagnosed with malignant mesothelioma in 1995. His own testimony' reveals the fact that the doctors told him that asbestos was a cause of mesothelioma. Thus, under the facts in this case, the trial court did not misapply the mandates of Louisiana law in finding that the appellants did not act reasonably in delaying the suit.

CONCLUSION

For the reasons expressed above, the trial court’s decision in maintaining the exception of prescription is affirmed.

AFFIRMED.

. This handwritten note was delivered to Dr. Schuller’s office after Reilly was diagnosed with mesothelioma.