717 So.2d 687 (1998)
Walter BANKS, Plaintiff-Appellee,
v.
STATE FARM INSURANCE COMPANY, et al., Defendants-Appellants.
No. 30868-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
*688 Hicks and Hubley by Michael S. Hubley, Shreveport, for Defendants-Appellants State Farm Insurance Company and Carolyn Allen.
Brittain & Sylvester by Russell L. Sylvester, Natchitoches, for Plaintiff-Appellee.
Before NORRIS, HIGHTOWER and STEWART, JJ.
STEWART, Judge.
This is a devolutive appeal from the granting of a Motion for Summary Judgment in a slip and fall case. The plaintiff, Mr. Walter Banks (Mr. Banks) slipped and fell on the steps of the defendant, Ms. Carolyn Allen (Ms. Allen) as a result of a rug on the steps. Mr. Banks filed suit against Ms. Allen and her insurer, State Farm Insurance Company. After Mr. Banks and Ms. Allen were deposed, Mr. Banks filed a motion for summary judgment. From a judgment granting the summary judgement, in favor of Mr. Banks and against the defendants, the defendants appeal. We reverse and remand.

FACTS
This case involves a slip and fall accident which occurred on September 16, 1995. The plaintiff, Walter Banks, alleges that as he was leaving the residence of Ms. Carolyn *689 Allen he shut the door and attempted to descend the steps when he slipped and fell as a result of the placement of a rug on the steps of Ms. Allen's porch. Immediately following the accident, Ms. Allen responded to Mr. Banks' call for assistance. Ms. Allen arrived at her doorway and observed Mr. Banks lying partly on her steps and partly on the ground at the foot of the steps. Mr. Banks alleges that he fell striking his back on the steps and porch and that the fall resulted in a back injury that required surgery by Dr. W.W. Fox.
It is undisputed that Mr. Banks was familiar with the Allen residence at the time of the accident. Ms. Allen and Mr. Banks were dating and Mr. Banks occasionally spent the night at the Allen residence. Ms. Allen has known Mr. Banks for 20 years and he is the father of two of her children. Ms. Allen explained that the rug was a remnant of carpet which was left over when her mother had new carpet put in her home, that she had the carpet for less than a year, that normally it was kept in front of the door, but that at times she would move it around the deck and to the area in front of the steps. Mr. Banks testified that he did not realize that the rug was located on the edge of the step and he did not recall the carpet being there before.
Ms. Allen did not actually see Mr. Banks fall, but confirmed that the carpet was present. Following the accident, Ms. Allen notified her insurer, State Farm. After discussing the case with State Farm, Ms. Allen threw the carpet away.
State Farm filed an answer denying the manner in which the accident occurred and asserted the affirmative defenses of contributory and comparative negligence of Walter Banks. Depositions of Walter Banks and Carolyn Allen were taken on July 18, 1996 and September 30,1996 respectively. Thereafter Mr. Banks filed a motion for summary judgment on the issue of liability alone and alleging various theories of recovery, including negligence and strict liability. A hearing was held on the plaintiff's motion for summary judgment on September 4, 1997. Judgment was rendered by the Honorable Jenifer Ward Clason in favor of the plaintiff, Walter Banks, granting the Motion for Summary Judgment. The defendants appeal urging six assignments of error regarding the propriety of granting a Motion for Summary Judgment on the issue of liability alone.

GENERAL PRINCIPLES OF APPLICABLE LAW
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
The mover has the burden of establishing an absence of a genuine issue of material fact. A fact is material if its existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Curtis v. Curtis, 28,698 (La.App.2d Cir. 09/25/96), 680 So.2d 1327. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Succession of Miramon v. Woods, 25,850 (La. App.2d Cir. 06/22/94), 639 So.2d 353; Barron v. Webb, 29,707 (La.App. 2 Cir. 8/20/97), 698 So.2d 727, 729; Bockman v. Caraway, 29,436 (La.App.2d Cir. 4/2/95), 691 So.2d 815; Gleason v. State Farm, 27,297 (La.App.2d Cir. 08/23/95), 660 So.2d 137, writ denied, 95-2358 (La.12/15/95), 664 So.2d 454.
A plaintiff seeking to recover under La.Civ.Code art. 2317 must prove by a preponderance of the evidence that: (1) the thing which caused his damage was in the custody of the defendant; (2) the thing had a condition that created an unreasonable risk of harm; and (3) the defective thing caused the plaintiff's injuries. Spott v. Otis Elevator Company, 601 So.2d 1355 (La.1992); Socorro v. City of New Orleans, 579 So.2d 931, (La. 1991); Morell v. City of Breaux Bridge, 94-1378 (La.App. 3 Cir. 5/31/95), 660 So.2d 882, writ denied, 95-2608 (La.1/12/96), 666 So.2d 321.
*690 To prevail on a negligence claim under La.Civ.Code art. 2315, the plaintiff must prove by a preponderance of the evidence that: (1) defendant had a duty to conform his conduct to a specific standard (duty); (2) defendant failed to conform his conduct to the appropriate standard (breach of duty); (3) defendant's conduct was the cause-in-fact of plaintiff's injuries (cause-in-fact); (4) defendant's conduct was a legal cause of plaintiff's injuries (the risk and harm caused to plaintiff was within the scope of the protection afforded by the duty); and (5) plaintiff incurred actual damages (damages). Theriot v. Lasseigne, 93-2661 (La.7/5/94), 640 So.2d 1305; Faucheaux v. Terrebonne Consolidated Government, 615 So.2d 289 (La.1993); Fowler v. Roberts, 556 So.2d 1 (La.1989). A negative answer to any of the above inquiries will result in the determination of no liability. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318.
In Oster v. Dept. of Trans. & Development, 582 So.2d 1285, (La.1991), the Louisiana Supreme Court discussed the difference between negligence and strict liability:
In essence, the only difference between the negligence theory of recovery and the strict liability theory of recovery is that the plaintiff need not prove the defendant was aware of the existence of the "defect" under a strict liability theory. Under the negligence theory, it is the defendant's awareness of the dangerous condition of the property that gives rise to a duty to act. Under a strict liability theory, it is the defendant's legal relationship with the property containing a defect that gives rise to the duty. Loescher v. Parr, 324 So.2d 441, 446 (La.1975). Under both theories, the absence of an unreasonably dangerous condition of the thing implies the absence of a duty on the part of the defendant. (footnote omitted).
Therefore, the owner of immovable property has a duty to take reasonable measures to protect against an unreasonable risk of harm or danger. Hebert v. Southwest Louisiana Electric Membership Corporation, 95-405 (La.App. 3 Cir. 12/27/95), 667 So.2d 1148, writs denied, 96-0277 (La.5/17/96), 673 So.2d 607, 96-0798 (La.5/17/96), 673 So.2d 608. In the inquiry, the court should consider a broad range of social, economic, and moral factors including defendant's cost of avoiding the risk and the social utility of plaintiff's conduct at the time of the accident. Tillman v. Johnson, 94-0480 (La.App. 1 Cir. 3/3/95), 652 So.2d 605; Townsend v. Westinghouse Elevator Corp., 25,966 (La.App. 2 Cir. 8/17/94), 641 So.2d 1022, writ denied, 94-2371 (La.11/29/94), 646 So.2d 403. But, the mere fact that an accident or injury occurs is not proof that the thing presents an unreasonable risk of harm. Manuel v. Wal-Mart Stores, 93-1243 (La. App. 3 Cir. 5/4/94), 640 So.2d 579, writ denied, 94-1442 (La.9/23/94), 642 So.2d 1291; Matherne v. Somme, 94-55 (La.App. 5 Cir. 5/31/94), 638 So.2d 437, Hughes v. Green, 609 So.2d 991 (La.App. 4 Cir.1992), writ denied, 612 So.2d 82 (La.1993).
Further, not every minor imperfection or defect in a thing will give rise to delictual responsibility. The imperfection of the thing must be of such a nature as to constitute a dangerous condition that would be reasonably expected to cause injury to a prudent person using ordinary care under the circumstances. McBride v. Cracker Barrel Stores, Inc., 94-370 (La.App. 3 Cir. 11/2/94), 649 So.2d 465. A landowner is not an insurer against the possibility of an accident, the landowner must act as a reasonable person in view of the probability of injury to another. Lejeune v. Acadia Parish School Board, 517 So.2d 1030 (La.App. 3 Cir.1987).
A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. To uphold a trial court's grant of summary judgment, we must conclude that reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law based on the facts before the trial court. Thus, a grant of summary judgment is warranted if the unresolved facts do not present any triable legal issues. Although the question of whether a defendant's conduct constituted negligence is usually inappropriate *691 for disposition by summary judgment, a defendant is entitled to dismissal under this procedure if the record is devoid of any suggested basis to impose liability on the defendant after the plaintiff was granted adequate time to develop its case by discovery. Similarly, summary judgment is appropriate when there are no material facts at issue and no legal duty exits. Washington v. State, Dept. of Transp., 95-14 (La.App. 3 Cir. 7/5/95), 663 So.2d 47, 51, writ denied, 95-2012 (La.11/13/95), 664 So.2d 405.
In the instant case, the actual facts leading to the accident have been put at issue and such issues have not been put to rest. Mr. Banks testified that he was not aware of the rug being at any location other than directly adjacent to the doorway of the mobile home. Ms. Allen testified that the rug was routinely moved around to various positions on the porch. Mr. Banks was very familiar with the mobile home and the deck he helped build. In fact, Mr. Banks lived with Ms. Allen several nights a week. The rug was blue in color against the natural wood background of the porch and the accident happened on a sunny, clear day. Ms. Allen testified that no one had ever had problems with the rug before Mr. Banks fell. Furthermore, according to Ms. Allen's deposition, Mr. Banks had gone out of the mobile time several times that day prior to the accident. This implies that Mr. Banks may have moved the carpet himself. These facts raise issues of liability and comparative fault.
Although Mr. Banks testified in his deposition that the carpet was "defective" creating an unreasonable risk of harm, there was no evidence offered to prove an actual defect in the rug itself. The carpet was a remnant of indoor carpet being used as an outdoor mat. Examination of the rug was not possible as Ms. Allen admitted in her testimony that she threw the rug away a couple of days after the accident. The record will not suffice to show that the piece of carpet was defective.
A trial on the merits must be had before the trial court will have before it sufficient factual information to enable it to make a fair adjudication of liability. Obviously, then, a rendition of a summary judgment under the facts of this case was manifest error.
There being genuine issues of disputed fact and Banks having failed to show that he is entitled to judgment as a matter of law, the summary judgment in favor of Banks is reversed, the motion for summary judgment is denied, and the case is remanded for further proceedings. Costs of the appeal are assessed to the plaintiff, Walter Banks.

DECREE
For the reasons assigned, the trial court judgment is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.