# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**05-1565**

**CARL HARRIS HESSE, ET AL.**

**VERSUS**

**CHAMP SERVICE LINE, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 91-4535
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## OSWALD A. DECUIR
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Jimmie C. Peters, Marc T. Amy, and Michael G. Sullivan, Judges.

**Cooks, J., dissents and assigns written reasons.**

**REVERSED.**

**L. Paul Foreman**
**Raggio, Cappel, Chozen & Berniard**
**P. O. Box 820**
**Lake Charles, LA 70601**
**(337) 436-9481**
**Counsel for Defendant/Appellant:**
**Investors-Ryan**

**Thomas Justin Miller**
**Waller & Associates**
**#1 Sancutary Blvd., Suite 202**
**Mandeville, LA 70471**
**(504) 727-3411**
**Counsel for Defendant/Appellee:**
**Travelers Insurance Company**

**John R. Walker**
**Allen & Gooch**
**3900 N. Causeway Boulevard, Suite 1450**
**Metairie, La 70002**
**(504) 836-5200**
**Counsel for Defendant/Appellee:**
**GKN Parts**

**Joe A. Brame**
**Brame & McCain**
**426 Kirby St.**
**Lake Charles, LA 70601**
**(337) 439-4571**
**Counsel for Defendant/Appellee:**
**The Goodyear Tire & Rubber Company**

**D. Carson Marcantel**
**Delatte, Edwards & Marcantel**
**9247 Bluebonnet Boulevard, Suite C**
**Baton Rouge, LA 70810**
**(225) 709-9000**
**Counsel for Plaintiff/Appellee:**
**Carl Harris Hesse**

**Todd C. Comeaux**
**Maley, Comeaux & Falterman**
**4709 Bluebonnet Boulevard, Suite C**
**Baton Rouge, LA 70809**
**(225) 706-9000**
**Counsel for Plaintiff/Appellee:**
**Carl Harris Hesse**

**DECUIR, Judge.**

Defendant, Investors-Ryan, appeals a judgment finding it liable for damages suffered by Carl Hesse, an employee of Investors-Ryan's lessee, Goodyear Tire & Rubber Company.

## FACTS

Carl Hesse was employed as a mechanic for Goodyear on August 18, 1990. While inspecting the underside of a vehicle prior to changing the water pump, Hesse hung a portable work light on the fuel pump to illuminate the area. When Hesse reached for the water pump, he received an electrical shock which rendered him unconscious and caused severe and permanent disabling injuries.

Hesse alleges that at the time of his injury, local codes required the installation of Ground Fault Circuit Interrupters to protect workers from this type of injury. Neither the building owner/lessor, Investors-Ryan, nor the lessee, Goodyear, installed these devices. Hesse further alleges liability on the part of Investors-Ryan based on negligence and strict liability for the failure to install the devices.

A jury found Investors-Ryan liable and it lodged this appeal.

## DISCUSSION

Investors-Ryan contends that the jury erred in finding that it knew or should have known of an unreasonable risk of harm in the electrical system and in finding that it had custody and control or "garde" of the premises. The first question addresses itself to the negligence claim while the second is crucial to the strict liability issue.

This court discussed negligence and strict liability in *Gray v. Economy Fire & Cas. Ins. Co.,* 96-667, pp. 6-9 (La.App. 3 Cir. 11/6/96), 682 So.2d 966, 970-71 (footnotes omitted):

> To prevail on a negligence claim under La.Civ.Code art. 2315, the plaintiff must prove by a preponderance of the evidence that: (1)

defendant had a duty to conform his conduct to a specific standard (duty); (2) defendant failed to conform his conduct to the appropriate standard (breach of duty); (3) defendant's conduct was the cause-in-fact of plaintiff's injuries (cause-in-fact); (4) defendant's conduct was a legal cause of plaintiff's injuries (the risk and harm caused to plaintiff was within the scope of the protection afforded by the duty); and (5) plaintiff incurred actual damages (damages). *Theriot v. Lasseigne*, 93-2661 (La. 7/5/94); 640 So.2d 1305; *Faucheaux v. Terrebonne Consolidated Government,* 615 So.2d 289 (La.1993); *Roberts v. Benoit*, 605 So.2d 1032 (La.1991); *Fowler v. Roberts*, 556 So.2d 1 (La.1989). A negative answer to any of the above inquiries will result in the determination of no liability. *Mathieu v. Imperial Toy Corp.*, 94-0952 (La. 11/30/94); 646 So.2d 318.

A plaintiff seeking to recover under La.Civ.Code art. 2317 must prove by a preponderance of the evidence that: (1) the thing which caused his damage was in the custody of the defendant; (2) the thing had a condition that created an unreasonable risk of harm; and (3) the defective thing caused the plaintiff's injuries. *Spott v. Otis Elevator Company*, 601 So.2d 1355 (La.1992); *Socorro v. City of New Orleans*, 579 So.2d 931 (La.1991); *Morell v. City of Breaux Bridge*, 94-1378 (La.App. 3 Cir. 5/31/95); 660 So.2d 882, *writ denied*, 95-2608 (La. 1/12/96); 666 So.2d 321.

In *Oster v. Dept. of Trans. & Development*, 582 So.2d 1285 (La. 1991), the Louisiana Supreme Court discussed the difference between negligence and strict liability:

> In essence, the only difference between the negligence theory of recovery and the strict liability theory of recovery is that the plaintiff need not prove the defendant was aware of the existence of the "defect" under a strict liability theory. Under the negligence theory, it is the defendant's *awareness* of the dangerous condition of the property that gives rise to a duty to act. Under a strict liability theory, it is the defendant's *legal relationship* with the property containing a defect that gives rise to the duty. *Loescher v. Parr*, 324 So.2d 441, 446 (La. 1976). Under both theories, the absence of an unreasonably dangerous condition of the thing implies the absence of a duty on the part of the defendant.

(Footnote omitted).

Therefore, the owner of immovable property has a duty to take reasonable measures to protect against an unreasonable risk of harm or danger. *Hebert v. Southwest Louisiana Electric Membership Corporation*, 95-405 (La.App. 3 Cir. 12/27/95); 667 So.2d 1148, writs denied, 96-0277 (La.5/17/96); 673 So.2d 607, 96-0798 (La. 5/17/96); 673 So.2d 608. In the inquiry, the court should consider a broad range

of social, economic, and moral factors including defendant's cost of avoiding the risk and the social utility of plaintiff's conduct at the time of the accident. *Tillman v. Johnson*, 94-0480 (La.App. 1 Cir. 3/3/95); 652 So.2d 605; *Townsend v. Westinghouse Elevator Corp.*, 25,966 (La.App. 2 Cir. 8/17/94); 641 So.2d 1022, *writ denied*, 94-2371 (La. 11/29/94); 646 So.2d 403; *Celestine v. Union Oil Company of California*, 93-1330 (La.App. 3 Cir. 5/4/94); 636 So.2d 1138, *writ granted*, 94-1868 (La. 11/11/94); 644 So.2d 660, *affirmed*, 94-1868 (La. 4/10/95); 652 So.2d 1299. But, the mere fact that an accident or injury occurs is not proof that the thing presents an unreasonable risk of harm. *Manuel v. Wal-Mart Stores,* 93-1243 (La.App. 3 Cir. 5/4/94); 640 So.2d 579, *writ denied*, 94-1442 (La. 9/23/94); 642 So.2d 1291; *Matherne v. Somme*, 94-55 (La.App. 5 Cir. 5/31/94); 638 So.2d 437, *Hughes v. Green*, 609 So.2d 991 (La.App. 4 Cir. 1992), *writ denied*, 612 So.2d 82 (La. 1993). Further, not every minor imperfection or defect in a thing will give rise to delictual responsibility. The imperfection of the thing must be of such a nature as to constitute a dangerous condition that would be reasonably expected to cause injury to a prudent person using ordinary care under the circumstances. *McBride v. Cracker Barrel Stores, Inc.*, 94-370 (La.App. 3 Cir. 11/2/94); 649 So.2d 465. A landowner is not an insurer against the possibility of an accident, the landowner must act as a reasonable person in view of the probability of injury to another. *Lejeune v. Acadia Parish School Board*, 517 So.2d 1030 (La.App. 3 Cir. 1987).

We will first address the contention that the jury erred in concluding that Investors-Ryan had custody and control of the premises. Ownership itself creates a presumption of "garde" or custody and control; however, the presumption is rebuttable. *Johnson v. Conclasure*, 00-1383(La.App. 3 Cir. 3/8/01), 780 So.2d 1261. Custody and control is largely a question of fact, not law, and cannot lie in both an owner and a lessee simultaneously. *Guillory v. Foster*, 93-996 (La.App. 3 Cir. 3/2/94), 634 So.2d 1372.

In the present case, Investors-Ryan had not in fact been on the premises in many years. Goodyear had solely occupied and maintained the premises. Therefore, unless Investors-Ryan can be said to have custody and control arising from its obligation to maintain the structure in conformity with applicable codes, custody and control resided with Goodyear.

Both the question of Investors-Ryan's custody and control and whether it knew or should have known of the defect turn on the compliance with building codes. The evidence clearly established that code at the time of the accident required GFCI outlets and that the building was not so equipped. However, the evidence also established that the building was in compliance with the codes applicable at the time of its construction and subsequent renovations. Moreover, the evidence indicates that building owners are not required to update buildings to meet new code requirements unless undergoing renovation or reconstruction. Accordingly, we find that the jury erred in concluding that Investors-Ryan had custody and control of the premises and that it knew or should have known of the defect in the premises.

Investors-Ryan also raises an issue regarding its third party demand against Goodyear. The judgment herein clearly states that the third party demand was severed and was to be determined after the jury verdict. We find no judgment regarding this issue in the record. Consequently, it is not before this court. In addition, Goodyear filed an answer to appeal and Hesse filed a motion to dismiss the answer as improper. We find the issue moot in that the issue raised by Goodyear was also raised by Investors-Ryan and resolved herein.

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed. All costs of these proceedings are taxed to Carl Hesse.

**REVERSED.**

4

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-1565

CARL HARRIS HESSE, ET AL.

VERSUS

CHAMP SERVICE LINE, ET AL.

**COOKS, J., dissents.**

I respectfully disagree with the majority opinion reversing the trial court's judgment finding Investors-Ryan liable for the damages suffered by Carl Hesse.

The trial court's finding that Investors–Ryan had *garde* of the premises was not manifestly erroneous. The leases agreement, in Paragraphs 2, 5 and 27, specifically set forth the obligation of Investors-Ryan to comply with all applicable laws and ordinances. This court previously in *Hesse v. Champ Service Line*, 97-1090 (La.App. 3 Cir. 2/4/98), 707 So.2d 1295, addressed the issue of whether Goodyear assumed responsibility of the leased premises under the terms of the lease. We held at that time that no provision of the lease provided that Goodyear assumed responsibility for the condition of the leases premises. Specifically, Judge Decuir, writing the majority opinion, in which I concurred, stated:

> Neither this provision nor any other provision of the lease provides that Goodyear assumes responsibility for the condition of the leased premises.

*Hesse*, 707 So.2d at 1298.

If Goodyear did not assume the responsibility for the wiring of the building (as we previously held) and the lease requires that the lessor (Investors-Ryan) make all changes or installations required to conform with the applicable laws and ordinances, it follows that Investors-Ryan had *garde* of the wiring of the leased premises. Otherwise, neither the lessor nor the lessee would have *garde* of the premises – an

absurd consequence which the law did not envision.  Therefore, I respectfully dissent

and would affirm the lower court's judgment.