373 So.2d 775 (1979)
Charles E. KIRSCH, Sr., Plaintiff-Appellant,
v.
KAPPA ALPHA ORDER et al., Defendants-Appellees.
No. 7071.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1979.
Rehearing Denied August 15, 1979.
Gahagan & Gahagan, Marvin F. Gahagan, Natchitoches, for plaintiff-appellant.
Whitaker & Doggett, Monty L. Doggett, Natchitoches, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
GUIDRY, Judge.
In this suit plaintiff seeks to recover damages to his residential lot for "loss of shade". The damages sued for were allegedly sustained in the late evening of March 27, 1977, when a large tree located on the property of defendants (directly across Second street from plaintiff's property) fell across Second street and onto plaintiff's lot damaging two live oak trees located thereon. The trial court dismissed plaintiff's suit and he has appealed.
The trial court assigned the following written reasons in support of its judgment:
"This is a suit arising out of an incident on March 27, 1977, when a large tree located on the property of the defendant on the west side of Second Street in the City of Natchitoches fell across the street onto certain trees owned by the plaintiff, damaging the trees and now depriving the plaintiff of shade to his house.
The evidence conclusively shows that the tree was not dead or diseased and that no complaints had ever been made by plaintiff or any other neighbor that the tree was a danger.

On the night in question, a windstorm passed through the Natchitoches area *776 causing plate glass windows to be blown out at A & A Western Store, Lee Furniture, Sibley Grocery and Lindsey's Pak-a-Bag, all located within a few blocks of the tree in question. Northwestern State University Chief of Police, James K. Lee, testified and produced seven (7) documents indicating broken car windows on the campus of NSU on the night in question. Newspaper articles from the Shreveport Times, the Natchitoches Times, and NSU newspaper, `Current Sauce' indicate storm and wind damage in the Natchitoches area on the night in question.

The Court finds the defendants to be entirely free of negligence and, although the Court is sympathetic with the loss of the plaintiff, finds that an `Act of God' caused the tree to fall. Let there be judgment accordingly. Costs to be paid by plaintiff."
In brief to this court plaintiff contends that the trial court erred in (1) basing its opinion on negligence; (2) failing to apply the legal principles espoused in Loescher v. Parr, 324 So.2d 441 (La.1975); and, (3) holding that defendants had proved the special affirmative defense of "Act of God". We affirm.
The factual findings referred to in the trial court's brief written reasons are without dispute and are fully supported by the evidence adduced at trial. The only factual dispute presented by the record concerns whether the Kappa Alpha tree was located on a flat portion of defendant's lot or on that portion of the Kappa Alpha lot which sloped sharply toward Second street. In this connection it is plaintiff's contention that because of its location (the down side of a steep slope) this large tree was likely to be blown down in an ordinary spring storm. The trial judge made no specific reference to this factual dispute although it can be presumed that he resolved same favorable to defendant in finding that defendants were "entirely free of negligence". Our own review of the record convinces us that the tree was located on the flat plain of defendant's lot (although its roots extended down the slope towards Second street) and presented no particular danger to neighboring properties because of its location.
Although the able trial judge makes reference to the absence of negligence on the part of defendants a fair reading of the trial court's reasons for judgment indicates rather clearly that in deciding this matter he did so in light of LSA-C.C. Article 2317 and the principles announced in Loescher, supra. In Loescher our Supreme Court determined that under the provisions of LSA-C.C. Article 2317 the owner-guardian of a "thing", subject to a vice or defect which causes it to present an unreasonable risk of injury to another, is strictly liable for any damage which results from such vice. In order to recover the injured person must prove the vice (unreasonable risk of injury to another) and that the damage resulted from the vice. Upon proof of these facts the owner-guardian can escape liability only if he shows that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force.
We find the provisions of LSA-C.C. Article 2317 and Loescher, supra, to be inapplicable under the circumstances of the instant case. This is so because the record fails to support plaintiff's contention that the Kappa Alpha tree was subject to a vice or defect which caused it to present an unreasonable risk of injury to another or that any defect or vice of the tree caused plaintiff's damage. Although unnecessary to our decision in this case we observe that even had plaintiff established some vice or defect in the Kappa Alpha tree, we would determine, as did the trial judge, that the record supports the conclusion that the tree fell as the result of a reasonably unforeseeable violent manifestation of nature, which vis major caused the damage independent of any defect in the tree.
For the above and foregoing reasons the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.