640 So.2d 579 (1994)
Wilda MANUEL, Plaintiffs-Appellee/Appellant,
v.
WAL-MART STORES, et al., Defendants-Appellant/Appellee.
No. 93-1243.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
Writ Denied September 23, 1994.
*580 Errol David Deshotels, Oberlin, for Wilda Manuel.
Philip Andre Fontenot, Lafayette, for Wal-Mart Stores, Inc. et al.
Before YELVERTON and THIBODEAUX, JJ., and CULPEPPER[*], J. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a suit for damages arising out of a fall in the parking lot of the Wal-Mart in Kinder, Louisiana. The plaintiff, a fifty-eight year old woman, claims that she fell and injured herself when the wheels of her shopping cart "locked" while she was pushing it. At trial, the jury held that Wal-Mart was negligent, but not strictly liable, and awarded total damages of $28,300.00. The plaintiff appeals, claiming that the amount of damages by the jury is too low and that the jury committed error when it failed to award damages for loss of consortium to Dudley Manuel. Wal-Mart appeals, citing as error, inter alia, the following:
"II. The jury committed reversible error by rendering an inconsistent jury verdict by finding Wal-Mart negligent but not strictly liable when the burden of proof is identical with the exception that under strict liability knowledge is presumed and does not have to be proven."
Because we find merit with the defendant's second specification of error, supra, discussion of any other issues on this appeal by either party is unnecessary.

GENERAL FACTS
On April 19, 1989, the plaintiff, Wilda Manuel, and her husband travelled to the Wal-Mart store in Kinder from their house near Oberlin in Allen Parish. Upon entering the store, a Wal-Mart employee gave Mrs. Manuel a shopping cart. The plaintiff and her husband shopped, checked out, and left the store with their newly purchased items in the cart. After transferring the items that she purchased into her truck, Mrs. Manuel attempted to move the shopping cart so that it would not be in the way of her vehicle as she drove away. She testified that when she attempted to move the cart, the front wheels "locked" and the shopping cart fell over, pulling Mrs. Manuel down with it. Plaintiff was the only witness to the accident.
*581 After her fall, Mrs. Manuel left without notifying anyone at Wal-Mart that she had fallen or been hurt. The shopping cart was never identified or examined for defects by any one. She returned to the store five days later to ask the manager of the store to help her with her medical bills. This was the first notification that Wal-Mart received that an accident had taken place.

ANALYSIS
Despite finding that Wal-Mart was not "strictly liable" to the plaintiff, the jury held that Wal-Mart was "negligent" and that its negligence was the sole cause of the plaintiff's injuries. These two holdings are irreconcilable in this case.
La.C.C. art. 2317 imposes liability upon the owners of things that present an unreasonable risk of harm to others. This is strict liability. To prevail under strict liability the plaintiff in this case must prove that the cart presented an unreasonable risk of harm, i.e., a defect, which resulted in the damage. Under negligence principles, the plaintiff in this case must prove both that the cart was defective and that the owner knew or should have known of that defect. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). Thus, if there was no strict liability for a defect in the cart, there could be no negligence. See Addison v. Williams, 546 So.2d 220 (La.App. 2 Cir.), writ denied, 550 So.2d 634 (La.1989) for a general discussion of strict liability and negligence principles. The jury's verdict is therefore clearly wrong as a matter of law.
When, as in the case sub judice, the court of appeal finds that a reversible error of law was made in the trial court, it is required to redetermine the facts de novo from the entire record and render judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989), citing Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). Because we find that the jury, in rendering an inconsistent verdict, has committed a reversible error of law, we must redetermine the facts from the record and render a verdict.
The plaintiff failed to admit any evidence at trial that tended to show that Wal-Mart was negligent in any way. Further, the evidence concerning a defect or defective condition of the shopping cart is limited to the plaintiff's testimony that the front wheels of the cart locked up while she was turning the empty cart to get it out of the way of her truck. This "locking" caused the cart to topple over. The plaintiff testified that at no time before the cart fell over did she have any trouble with it.
To prevail, the plaintiff must prove that more probably than not a defect or a condition that presented an unreasonable risk of harm existed and that it was this defect or condition that caused the shopping cart to fall. A defect or condition which presents an unreasonable risk of harm cannot be inferred solely from the fact that an accident occurred. See Hughes v. Green, 609 So.2d 991 (La.App. 4 Cir.1992), writ denied, 612 So.2d 82 (La.1993), citing Broussard v. Pennsylvania Millers Mut. Ins. Co., 406 So.2d 574 (La.1981). To illustrate this, compare Loescher v. Parr, 324 So.2d 441 (La. 1975), with Kirsch v. Kappa Alpha Order, 373 So.2d 775 (La.App. 3 Cir.1979). In Loescher, a diseased tree fell across a property line onto a neighbor's Cadillac. The diseased condition of the tree was the primary cause of its fall. The owner of the diseased tree was held to be strictly liable for the damages sustained by the Cadillac. In Kirsch, a tree located on the defendant's property fell onto the plaintiff's property during a violent windstorm, damaging two of the plaintiff's trees. Because the trial record failed to support the plaintiff's contention that the fallen tree had suffered from a vice or defect, this court denied the plaintiff any recovery of damages.
Like in Kirsch, the record in this case fails to support the plaintiff's contention that the shopping cart toppled because of any vice or defect. There may be any number of explanations for why the wheels on a shopping cart "lock up." These explanations may range from striking a small object on the parking lot to getting the string from a mop caught up in the wheel's axle. See Colclough v. The Great Atlantic & Pacific Tea Co., Inc., 2 N.C.App. 504, 163 S.E.2d 418 (1968).
The plaintiff entered no evidence in the record that affords any explanation why the *582 wheels of the shopping cart "locked-up." Apparently, the jury could find no explanation. Any attempt by this court to determine the cause of the lock-up would be pure speculation. We cannot say that, more probably than not, the shopping cart had any defect.

CONCLUSION
For the reasons assigned, the judgment appealed is reversed. It is now ordered, adjudged and decreed that there be judgment in favor of the defendant, Wal-Mart, and against the plaintiff, rejecting the plaintiff's demands and dismissing her suit. Costs of the trial and of this appeal are assessed against the plaintiff.
REVERSED AND RENDERED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.