JiGREMILLION, Judge.
This is an appeal of the trial court’s ruling granting a motion for summary judgment in favor of Winn-Dixie Louisiana, Inc., finding that there was no issue of material fact thereby dismissing the claims brought by Laddy Butler for the injuries sustained by her son, Juan, at one of Winn-Dixie’s storés. We affirm the trial court’s ruling.
FACTS
On October 23, 1993, plaintiff Laddy Butler went grocery shopping at the Winn-Dixie store on East Admiral Doyle Drive in New Iberia. Before entering the store. Butler retrieved a shopping cart and placed her two-year-old son, Juan, in the child’s seat of the cart. Butler was in the store for approximately twenty minutes |2when she approached the meat department. While she was placing meat in the cart, Juan either fell out of the cart or the cart tipped over causing him to land on the floor. Butler gathered up Juan and placed him in the cart and proceeded to the check out station. After leaving the store, Butler went home and became alarmed when she noticed that Juan’s arm was swollen and that he would not let her administer care to his arm. She then took Juan to the hospital where it was discovered that he had sustained a broken wrist.
As a result of this accident, Butler filed suit on behalf of her minor son, Juan, against Winn-Dixie on October 13, 1994, for the damages related to the accident of October 23, 1993. In response to this suit, Winn-Dixie filed a motion for summary judgment. A hearing on that motion was held on May 30, 1995. The court ruled in favor of Winn-Dixie and dismissed Butler’s claims with prejudice. Butler appeals from this ruling claiming the trial court committed error in *802 granting summary judgment in favor of Winn-Dixie.
SUMMARY JUDGMENT
Appellate courts review summary judgments de novo applying the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1992). Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Facts are material if they determine the outcome of the legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3 Cir.1991), writ denied, 596 So.2d 211 (La.1992). The determination of the materiality of a particular fact must be made in lathe light of the applicable substantive law. Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988). Documents supporting the moving parties position are closely scrutinized while those of the party opposing are indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). A party opposing a motion for summary judgment cannot rely on the bare allegations of its pleadings but must respond by affidavits detailing facts that show the existence of a genuine issue. La. Code Civ.P. art. 967.
WINN-DIXIE’S LIABILITY
Butler makes the allegation that Juan’s injuries were caused by the wheels of the grocery cart locking, causing it to topple. Further, she alleges that Winn-Dixie is at fault for failing to keep the cart in proper working condition and for “such other violations in contradiction of the laws and ordinances for - the safe operation of the store baskets within city limits of the City of New Iberia.” Finally, Butler asserts that Winn-Dixie is strictly liable for the injuries suffered by Juan because of the defective condition of the grocery cart.
To recover under either a theory of negligence or a theory of strict liability, Butler must prove that the grocery cart was in the custody of Winn-Dixie, that it was defective because it had a condition that created an unreasonable risk of harm to persons on the premises, and that the defect was the cause-in-fact of the injury. Eldridge v. Bonanza Family Restaurant, 542 So.2d 1146 (La.App. 3 Cir.1989); La.Civ.Code arts. 2315 and 2317. Neither Butler nor Winn-Dixie dispute the fact that the grocery cart was in the custody of Winn-Dixie. However, it is the questions of whether the cart was defective and whether the defect was a cause-in-fact of the injuries that are at issue.
The defect alleged by Butler is that the wheels of the cart locked causing Uthe cart to turn over. The only evidence offered to support this allegation is the deposition of Butler. In her deposition, Butler describes how she had trouble keeping the cart moving in a straight line because the wheels were not tracking properly. While she also mentions the names of a few witnesses who were also aware of the condition of the cart, there are no affidavits or statements by any of these witnesses introduced into the record.
However, the question of whether or not the wheel .of the cart locked is immaterial. This alleged fact has no bearing on the outcome of this dispute. According to Butler’s deposition testimony, the cart was stationary when it allegedly toppled. This fact is supported by the deposition testimony of Nancy Burbank, a product demonstrator who witnessed the accident. She stated that she became aware of the accident when she heard the child crying. When she turned. around, she saw the child on the floor and also saw Butler approaching the child and the cart. She also testified that the cart was not turned over. This creates the only factual dispute. A summary judgment should be granted if the facts in dispute are so patently insubstantial as to present no genuine issues. Baldwin v. Kikas, 93-1739 (La.App. 4 Cir. 4/14/94); 635 So.2d 1324, writ denied, 94-1264 (La. 9/2/94); 643 So.2d 144. Whether or not the cart turned over is insubstantial and presents no genuine issue of material fact. The fact in agreement, that the cart *803 was stationary, indicates that the alleged de-feet, the jammed or wobbly wheel, could not have caused it to topple.
Aside from her deposition, Butler offered no proof that would indicate that Winn-Dixie was responsible for this accident. Simply because an accident occurred, one cannot infer a condition or defect which presented an unreasonable risk of harm. As stated earlier, Butler must prove that more probably than not a condition or defect existed in the shopping cart, that the condition or defect presented an |6unreasonable risk of harm, and that it was that condition or defect that caused the accident. See Manuel v. Wal-Mart Stores, 93-1243 (La.App. 3 Cir. 5/4/94); 640 So.2d 579, writ denied, 94-1442 (La. 9/23/94); 642 So.2d 1291. In Manuel, this court dealt with a similar situation involving a shopping cart. In that case, plaintiff could offer no evidence to explain why the cart fell over. Finding no evidence to show why the wheels of the shopping cart “locked-up” or why the cart turned over, the court refused to speculate as to cause. This court could not say in Manuel that the shopping cart had any defect which caused the accident. Id. Likewise, in the case sub judice, we will not speculate as to a defect in the shopping cart that caused the accident. Absent any evidence to demonstrate a condition or defect in the shopping cart which presented an unreasonable risk of harm, Winn-Dixie is entitled to a summary judgment dismissing plaintiffs claim.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiffs cost.
AFFIRMED.