1 ^ROBERT L. LOBRANO Judge, Pro Tem.
The issue in this appeal is whether or not the trial court was correct in granting defendant’s motion for summary judgment and dismissing plaintiffs lawsuit. We affirm.
Plaintiffs, Brian and Charlotte Herbert, sued the Roman Catholic Church of the Archdiocese of New Orleans for the damages they sustained when their show horse collided with a light pole allegedly owned by the Archdiocese. The light pole was located on property owned by the plaintiffs adjacent to Our Lady of the Angels Church in Waggaman, Louisiana. The plaintiffs purchased the property from Mr. Nuncio Distafaina, who had given the church permission to erect the subject light pole on his property in order to illuminate a parking area used for the Church Fair. The pole was placed on the property prior to the purchase by plaintiffs. After they purchased the property, the plaintiffs constructed a horse arena and stables. The arena, which is merely a fenced in yard, was constructed around the existing pole, 13and plaintiffs allowed their horses to run freely within the arena’s perimeters. On or about February 1, 1997, one of plaintiffs’ horses, while running freely (without a lead-line), collided with the pole and chipped a bone in its knee. Plaintiffs filed the instant lawsuit seeking damages for the injuries to their horse. Their asserted claims were based in negligence, strict liability pursuant to Civil Code article 2317, and, by supplemental petition, breach of contract. The trial court granted defendant’s summary judgment and dismissed plaintiffs lawsuit reasoning that the Archdiocese was not the owner of the pole, and that any risk presented by the pole “was obvious to the plaintiff.” Plaintiffs perfect this appeal arguing the incorrectness of that reasoning.[1]

SUMMARY JUDGMENT

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Pizani v. Progressive Ins. Co., 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086. La.C.C.P. article 966 B, as amended in 1997, has been interpreted as follows:
[A] summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law”. Further, article 966 A(2) provides that summary judgment “is designed to secure the just, speedy, and inexpensive determination of every action”, -and is favored. The 1997 amendment to article 966 C(2) also provides that:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the *930 movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to thejjcourt that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Robinson v. Benson Motor Co. of New Orleans, 98-203 (La.App. 5 Cir. 8/25/98), 717 So.2d 1252, 1254.
The facts of this case are relatively undisputed. Both parties relied on the deposition testimony of Charlotte Herbert wherein she acknowledged that the subject pole was located on the property at the time she and her husband purchased it; that the fenced area, which they built, included the pole and that the pole was only ten feet from the property line. In her opposition affidavit, Mrs. Herbert emphasized that on several occasions a representative of the church asserted ownership of the pole and said it would be removed. She further attested that Father Paul ordered her not to remove the pole.
Much of the legal argument in this case concerns the ownership of the pole. Defendant cites the Civil Code articles on the transfer of all permanently attached fixtures when immovable property is sold, and plaintiff refers to admissions by the defendant of its continued ownership. Presumably, the concern is strict liability pursuant to Civil Code article 2317. To prevail on a strict liability claim under La C.C. art. 2317, the injured party must prove that the thing which caused the damage was in the custody of the defendant, that the thing had a defect or vice (that is, that it occasioned an unreasonable risk of harm or injury), and the injury was caused by the defect. Tannehill v. Joguyro, Inc., 97-571 (La.App. 5 Cir. 4/9/98), 712 So.2d 238, 242. The 1996 modifications to La. Civil Code art. 2317 now require a showing that the owner or custodian knew or should have known of the injury causing defect. La. Civil Code art. 2317.1. Regardless, we need not determine who actually owned the pole because we conclude that it was not defective, and did |,mot pose an unreasonable risk of harm when it was erected. Any subsequent risks it posed were created by the plaintiffs.
Whether liability is based on article 2317 or negligence, a plaintiff must prove that a defendant’s conduct or thing creates an unreasonable risk of harm to that particular plaintiff. See, Warren v. Campagna, 96-0834 (La.App. 4 Cir. 12/27/96), 686 So.2d 696. The unreasonable risk of harm criterion is a question of law and its determination is similar to that employed when analyzing the reasonableness of a risk and scope of duty in a negligence context. Entrevia v. Hood, 427 So.2d 1146 (La.1983). Under either scenario, the unreasonable risk of harm criterion is not a simple rule of law which can be applied mechanically. It requires a balancing of claims and interests, a weighing of the risk and the gravity of harm, and a consideration of individual and societal rights and obligations which provides that the owner or custodian of a defective thing may be responsible for the damages it may cause. Id. at 1149-1150; Tannehill v. Joguyro, Inc., supra.
The pole created no risk to the plaintiffs when it was erected. Plaintiffs did not own or utilize the property at that time. There was no fence in existence and no animals roamed the property. Further, the utility of the pole was obvious, i.e. to light the parking area of the church. While it can be argued that the pole became a risk of harm when plaintiffs air-lowed their horses to run freely, that risk was not created until the arena was built, including within its confines the pole. It is undisputed that the plaintiffs built the arena. Thus, the only conclusion that can be reached is that, if the pole created an *931 unreasonably dangerous condition or posed an unreasonable risk of harm, the condition and risk were caused by the plaintiffs and not the defendants.
1 ^Plaintiffs further argue that there was a promise by the defendant to remove the pole, and that they relied on that promise to their detriment. Giving plaintiffs every benefit of this argument we still conclude summary judgement was appropriate. Assuming that the defendant told plaintiffs it would remove the pole, that promise did not create a duty to protect against the risk that a free running horse might collide with the pole. Plaintiffs had twenty years experience training horses and they allowed the horses to run freely in an area which included the pole. And, plaintiffs made this fenced area dangerous by including the pole within its perimeters. Defendant’s promise, even if proven, did not create a duty to protect against the risks which were created by plaintiffs.
This is the type of case which we believe the amendments to Code of Civil Procedure article 966 were intended to apply. Plaintiffs have not produced the factual support sufficient to establish that they would be able to satisfy their evidentiary burden at trial. For these reasons, the trial court judgment is affirmed.
AFFIRMED.

. Subsequent to the trial court proceedings, plaintiffs filed for forma pauperis status. Their brief to this court is in proper person.