779 So.2d 1094 (2001)
Anna Mae CONQUES
v.
WAL-MART STORES, INC.
No. 2000-00619-CA.
Court of Appeal of Louisiana, Third Circuit.
February 14, 2001.
Writ Denied April 20, 2001.
*1096 Ann Garcia Dafford, Lafayette, LA, Attorney for Plaintiff-Appellant, Anna Mae Conques.
Robert L. Ellender, Lafayette, LA, Attorney for Defendant-Appellee, Automatic Door Systems, Inc.
Philip A. Fontenot Davidson, Meaux, Sonnier, McElligott & Swift, Lafayette, LA, Attorney for Defendant-Appellee, Wal-Mart Stores, Inc.
Steven B. Witman, Law Offices of Steven B. Witman, Metarie, LA Attorney for Defendant-Appellee, Stanley Access Technologies, a Product Group of The Stanley Works.
Court Composed of COOKS, SAUNDERS, and WOODARD, Judges.
SAUNDERS, Judge.
Ms. Anna Mae Conques appeals the trial court's decision to grant the summary judgment motions of Wal-Mart Store, Inc. (Wal-Mart), Automatic Door Systems, Inc. (Automatic Door), and Stanley Access Technologies (Stanley). On appeal, we reverse the trial court's decision as to its grant of summary judgment in the instance of Wal-Mart. We affirm the trial court's grant of summary judgment in favor of Automatic Door and Stanley.

FACTS
On July 10, 1996, Ms.Conques went shopping at Wal-Mart # 534 located at 1229 Northwest Evangeline Throughway in Lafayette, Louisiana. At that time, Anna Mae Conques was 70 years of age and was using a walker to move about due to her rheumatoid arthritis. Ms. Conques was accompanied by her husband, Floyd Conques. As they were leaving Wal-Mart, Mr. Conques walked through the automatic exit doors from the store into the vestibule. Ms. Conques attempted to follow her husband out of the store, but the left automatic double door located between the store and the vestibule struck her. This blow caused her to hit the handrail and fall onto the floor. Immediately thereafter, Mr. Conques turned to speak to his wife, and he saw her sitting on the floor. Mr. Conques noticed that one of the exit doors was open while the other exit door was closed. From this fall, Ms. Conques sustained injuries, including a broken left arm, bruised ribs, a left shoulder injury, and back injury. Ms. Conques was confined to her bed for nearly a month following the accident.
Plaintiff filed suit against Wal-Mart on September 25, 1996. Discovery in this matter has been on-going since the time of suit. During the course of discovery, Plaintiff submitted the following interrogatory to Wal-Mart:
INTERROGATORY NUMBER 1
Has anyone ever claimed to have been injured or struck by the automatic doors at Wal-Mart Store location # 534? If so, please state:
a) The name, address and telephone number of the person(s) struck or injured; and
b) Which automatic doors struck or injured the person(s).
In response to this interrogatory, Wal-Mart stated:
Attached please find copies of incident reports which reflect customers who have claimed to have been struck or injured by the automatic doors only.
1) 10/05/96 Thelma Roddie
2) 11/06/96 J. Denis Landry
3) 02/15/99 Eve Lavergne
The incident reports supplementing these interrogatory answers did not reveal which automatic doors were involved in these incidents. Rather than refer to the door's number, the incident reports referred to the doors as "Automatic Exit Doors", "Front Exit-Doors Automatic", "Front Doors (exit)".
Later, Wal-Mart filed a supplemental answer to Interrogatory Number 1. In this supplemental answer, Wal-Mart stated:
Attached please find copies of incident reports which reflect customers who *1097 have claimed to have been struck or injured by automatic doors only, from 1993 to March 1, 1999:
1) 10/05/96 Thelma Roddie
2) 11/06/96 J. Denis Landry
3) 02/15/99 Eve Lavergne
4) 07/10/96 Anna Mae Conques
Wal-Mart included Ms. Conques' incident report with this response. The incident report described the location of the accident as "Vestibule (automatic exit doors)". In that report Christine Edwards, a Wal-Mart employee, comments on Ms. Conques' accident. The report states: "It must have been as she cleared the doors, another customer must have opened the door again [and] that is how she got hit. She was sitting in the corner behind the left door."

PROCEDURAL FACTS
The procedural facts pertinent to this appeal involve motions in limine and motions for summary judgment on the part of Wal-Mart, Automatic Door, and Stanley. On January 13, 2000, Wal-Mart filed a motion in limine seeking to exclude all materials involving the United States Consumer Products Safety Commission reports, evidence of subsequent accidents, and evidence concerning subsequent remedial measures. Stanley and Automatic Door quickly followed suit, filing motions in limine seeking to exclude the same material. The trial court granted the motions in limine of Wal-Mart, Stanley, and Automatic Door on January 31, 2000, and signed the judgments on February 4, 2000.
The three Defendants also filed motions for summary judgment. As part of its evidence in support of summary judgment, Wal-Mart produced the supplemental affidavit of Doug Belaire, store manager of Wal-Mart Store # 534. In that supplemental affidavit, Mr. Belaire states:
In the Affidavit, attached hereto as Exhibit "A", I stated that prior to this accident, Wal-Mart Stores, Inc. had no knowledge of any defects or problems with the door in question. When I used the word "prior", I did not mean from the beginning of time, but meant for only a reasonable period of time. In 1995, the door had been fixed. Since that time, I am personally unaware of any problems with the door before July 10, 1996. Therefore, prior to her accident on July 10, 1996, Wal-Mart Stores, Inc. had no knowledge of any defects or problems that would have caused the automatic door to hit the plaintiff.
The trial court granted Automatic Door's motion for summary judgment on January 31, 2000, and signed it on February 17, 2000. Wal-Mart and Stanley's motions for summary judgment were granted on February 14, 2000. The judgments were signed on that date and were deemed final judgments. Ms. Conques appeals from those summary judgments.

LAW AND ANALYSIS

ASSIGNMENTS OF ERROR
On appeal, Ms. Conques asserts the following assignments of error:
1. The trial court erred by granting the Defendants' motions in limine.

2. The trial court erred by granting summary judgment when the doctrine of res ipsa loquitur is applicable under the facts of this case.

STANDARD OF REVIEW
Our court reviews summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180. Summary judgment is designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2). This procedure is favored and shall be construed to accomplish these ends. Id. Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and *1098 that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). The movant bears the burden of proof. La.Code Civ.P. art. 966(C)(2). However, where the movant will not bear the burden of proof at trial, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim. Id. Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists. Id.

MOTION IN LIMINE

In her first assignment of error, Ms. Conques argues that the trial court erred in granting the Defendants' motions in limine. The Defendants' motions in limine successfully sought to exclude a report from the United States Consumer Products Safety Commission, evidence of subsequent accidents involving door 1603, and the installation of an additional safety beam for door 1603.
The standard of review used by this court in reviewing evidentiary rulings of a trial court is abuse of discretion. Whitehead v. Kansas City Southern Ry. Co., 99-896 (La.App. 3 Cir. 12/22/99), 758 So.2d 211; writ denied, XXXX-XXXX (La.4/7/00), 759 So.2d 767. La.Code Civ.P. arts. 1422-1425 define the scope of permissible discovery. Hodges v. Southern Farm Bureau Casualty Insurance Company, 433 So.2d 125 (La.1983). These articles permit the discovery of any relevant matter, which is not privileged. Id. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence. La.Code Evid. art. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." La.Code Evid. art. 403. The basic objectives of the Louisiana discovery process are as follows:
(1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims. State v. Spruell, 243 La. 202, 142 So.2d 396 (1962); Bennett v. General Motors Corp., 420 So.2d 531 (La.App. 2nd Cir. 1982); Comment, Louisiana's Discovery Articles: A Modern Appraisal, 22 Loy. L.Rev. 130 (1976).
Hodges, 433 So.2d at 129. The courts must liberally and broadly construe the discovery statutes to achieve these objectives. See Id.
Ms. Conques asserts that the United States Consumer Products Safety Commission report about automatic door accidents is relevant to show that the Defendants' knew, or in the exercise of reasonable care, should have known of the ruin, vice or defect which caused Ms. Conques damage. On the other hand, the Defendants argue that these reports are irrelevant and prejudicial. After a review of the consumer report presented by Ms. Conques, we can not say that the trial court erred in excluding that item of evidence. The consumer report at issue contains only the most basic information regarding each accident: the date of each incident, the nature of the person's injuries, a brief description of the facts surrounding the injury, and in some instances, the name of the store in which the injury took place. The report does not identify the type of doors in question, the manufacturer of the doors, or whether the doors were ever found defective. While two of the incidents reported involved doors in Wal-Mart stores, neither of these incidents involved the door in question nor *1099 did they involve the particular store in question. Accordingly, we find that this report is not relevant to the case at hand because it does not tend to make the existence of any fact that is of consequence more probable or less probable. Based on the foregoing discussion, we find that the trial court did not err in excluding the consumer reports at trial.
Ms. Conques also argues that evidence of three subsequent accidents involving door 1603 were improperly excluded when the trial court granted the Defendant's motions in limine. The accidents occurred on October 5, 1996, November 6, 1996, and February 15, 1999. The Defendants argue that the accidents were properly excluded from evidence because they are irrelevant to the case at hand. We disagree. Accidents subsequent to Ms. Conques' accident bear on the issue of whether door 1603 was subject to ruin, vice, or defect at the time of Ms. Conques' accident. Accordingly, we find that the trial court erred in excluding this evidence.
Finally, Ms. Conques argues that the trial court erred in excluding evidence of the Defendants' subsequent remedial measures. Wal-Mart added an additional safety beam for door 1603 following the November 6, 1996, accident. La.Code Evid. art. 407 provides:
In a civil case, when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This Article does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, authority, knowledge, control, or feasibility of precautionary measures, or for attacking credibility.
(Emphasis added.) Since Mr. Elkins, an employee of Automatic Door installed the safety beam in door 1603 to provide additional safety, the article applies to the work Mr. Elkins performed in November 1996. Therefore, the subsequent remedial measures in the case at hand could not be used to show negligence on the part of the Defendants. However, as stated earlier, this court must liberally interpret discovery statutes so that the objectives of discovery are met. See Hodges, 433 So.2d 125. One such objective is to assist litigants, such as Ms. Conques, in preparing their cases for trial. See Id. Article 407 specifically provides that subsequent remedial measures can be used to show knowledge. Giving Article 407 the interpretation most favorable to allow liberal discovery, knowledge as used in the article must be interpreted to mean know or should have known as contemplated by La.Civ.Code art. 2317.1. Accordingly, the trial court erred when it excluded evidence regarding subsequent remedial measures taken by Wal Mart from its consideration of the Defendant's summary judgment motions. Although we find that the trial court erred in excluding evidence of the subsequent accidents involving door 1603 and of the subsequent remedial measures taken by Wal-Mart, we find the errors made with regards to Automatic Door and Stanley to be harmless. Even considering this improperly excluded evidence, Ms. Conques has not shown that she can sustain all elements of her case against those Defendants by a preponderance of the evidence. As a review of the record clearly indicates that the trial court was correct in its judgment with regards to Automatic Door and to Stanley, we will not overturn its judgment based on errors of law that do not affect the merits. See LaCombe v. Dr. Walter Olin Moss Reg'l Hosp., 617 So.2d 612 (La.App. 3 Cir.), writ denied, 626 So.2d 1187 (La.1993). However, with respect to Wal-Mart we find that the exclusion of the evidence constituted harmful error. Therefore, we find that the trial court's decision as it relates to Wal-Mart must be reversed.

RES IPSA LOQUITUR
In her second assignment of error Ms. Conques argues that the trial court erred *1100 by granting Wal-Mart's summary judgment motion when the doctrine of res ipsa loquitur is applicable under the facts of this case. Ms. Conques alleged the negligence of all three Defendants. With respect to Wal-Mart, Ms. Conques alleged the applicability of res ipsa loquitur and strict liability under La.Civ.Code art. 2317. Article 2317 states:
We are responsible, not only for the damage occasioned by our own acts, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
La.Civ.Code art. 2317.1 modifies Article 2317, stating:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
To prevail on a strict liability claim under La Civ.Code art. 2317, Ms. Conques must prove that the thing which caused the damage was in the custody of Wal-Mart, that the thing had a defect or vice, which creates an unreasonable risk of harm, and the injury was caused by the defect. See Herbert v. Archdiocese of New Orleans, 98-1217 (La.App. 5 Cir. 7/27/99), 739 So.2d 928. In addition, the modifications made by La.Civ.Code art. 2317.1 mandate a showing that the owner or custodian knew or should have known of the defect. Id.
The trial court granted summary judgment in favor of Wal Mart because it concluded that Wal-Mart had shown that no genuine issue as to material fact existed as to whether Wal-Mart knew or should have known about the ruin, vice, or defect in door 1603. After a review of the record, we find that the trial court erred in granting summary judgment in favor of Wal-Mart because Wal-Mart did not sustain its burden of proof. Wal-Mart, as movant, bore the burden of proving there was no issue of material fact as to whether Wal-Mart knew or should have known about the ruin, vice, or defect in door 1603. See La.Code Civ.P. art. 966C(2). Although Wal-Mart did not have to negate all elements of Ms. Conques' claim, Wal-Mart had to establish that Ms. Conques' could not establish at least one element of her claim. See Id.; Young v. Dupre Transport Co., 97-0591 (La.App. 4 Cir. 10/1/97), 700 So.2d 1156; See also Butler v. Winn-Dixie Louisiana, Inc., 95-121 (La.App. 3 Cir. 3/6/96), 670 So.2d 800. Only then must Ms. Conques' produce factual support sufficient to show that she would be able to meet her evidentiary burden of proof at trial.
Summary judgment is seldom appropriate when there is a question relating to subjective facts, such as intent, knowledge, motive, or good faith. Nelson v. Torian, 96-176 (La.App. 3 Cir. 6/26/96), 676 So.2d 773; writ denied, 96-1938 (La.11/15/96), 682 So.2d 761. Here, Wal-Mart has not negated the possibility that Ms. Conques will be able to prove that Wal-Mart knew or should have known that door 1603 was subject to ruin, vice, or defect. Specifically, Mr. Belaire's affidavit regarding this matter only negated knowledge from the time the operator was changed in 1995.
In addition, in reviewing the record, we note that the construction of Wal-Mart # 534 was scheduled to be completed in late 1992. It is unclear from the record when the store actually opened. Wal-Mart in its response to interrogatories propounded by Ms. Conques failed to answer them with enough specificity to negate the possibility that it knew or should have known of the ruin, vice, or defect in door 1603. Particularly, Wal-Mart addressed *1101 only those incidents in which an incident report had been filed. In addition, Wal-Mart limited its responses from 1993 onward. It is unclear at what point in 1993 Wal-Mart began addressing possible incidents. Furthermore, Wal-Mart did not identify what doors were responsible for the incidents that occurred after Ms. Conques' injury.
Accordingly, we find that Wal-Mart failed to establish that no genuine issue as to material fact existed as to whether Wal Mart knew or should have known about the ruin, vice, or defect in door 1603. Therefore, we do not reach the issue of the applicability of res ipsa loquitur, and we find that the trial court erred in granting summary judgment in favor of Wal-Mart.

DECREE
In summary, the trial court erred in excluding evidence of subsequent accidents and subsequent remedial measures. The evidence of subsequent accidents was relevant for the purposes of determining whether door 1603 was subject to ruin, vice, or defect. In addition, the evidence of subsequent remedial measures went to whether the Defendants knew or should have known about the ruin, vice, or defect in door 1603. These errors constituted harmless errors in regards to Automatic Door and Stanley. However, with respect to Wal-Mart, the errors were harmful. In addition, Wal-Mart did not meet its burden of proving that it did not know or should not have known that door 1603 was subject to ruin, vice, or defect. Therefore, we hold that the trial court erred when it granted summary judgment in favor of Wal-Mart. We affirm the trial court's determination with respect to Automatic Door and Stanley. Accordingly, we reverse the summary judgment in favor of Wal-Mart and remand to the trial court for further proceedings. All costs are assessed against Wal-Mart.
REVERSED IN PART; AFFIRMED IN PART.
WOODARD, J., concurs in the result.