STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-4

RAYMOND MORGAN ALLEN

VERSUS

LOUIS SIMON  AND ALLSTATE INS. CO.

**********

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE , NO. CV03-0781
HONORABLE DOUGLAS J. SALOOM, CITY COURT JUDGE

**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Billie
Colombaro Woodard, Marc T. Amy and Billy H. Ezell, Judges.

Amy, J., dissents and assigns reasons.

REVERSED AND REMANDED.

Aaron J. Allen
Allen Law Office
Post Office Drawer 3204
Lafayette, LA   70502-3204
(337) 232-9918
COUNSEL FOR PLAINTIFF/APPELLANT:
    Raymond Morgan Allen

Tracey A. Biagas-Hill
Law Offices of Harold G. Toscano
400 E. Kaliste Saloom Road
Park Tower, Suite 8300
Lafayette, LA   70508
(337) 291-1743
COUNSEL FOR DEFENDANTS/APPELLEES:
    Allstate Insurance Company
    Louis Simon

**COOKS, Judge.**

During Hurricane Lili, a tree belonging to the defendant fell onto adjoining property, landing on the plaintiff's greenhouse, roof, and swimming pool. The plaintiff hired an arborist to remove that portion of the tree that had fallen onto his property, and he sued the defendant and the defendant's homeowner's insurer, seeking reimbursement for removal expenses. The defendants answered, asserting the affirmative defense of Act of God. The plaintiff's wife intervened, likewise seeking reimbursement from the defendants. The plaintiff's and intervenor's joint motion for summary judgment, in which they argued that the Act of God defense was not applicable, was denied by the trial court. The defendants subsequently moved for summary judgment, asserting that the Act of God defense absolved them of any liability to the plaintiff and intervenor. The trial judge granted the defendants' motion and dismissed the plaintiff's cause of action with prejudice. The plaintiff and intervenor appeal. For the following reasons, we reverse the grant of summary judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The record indicates that Raymond Allen, the plaintiff herein, and his wife, Suzan, intervenor herein, own a home adjacent to that of the defendant, Louis Simon, in Lafayette, Louisiana. On October 3, 2002, the winds of Hurricane Lili caused a large tree situated on Mr. Simon's property to fall over onto the Allens' property. The tree came to rest on the roof of the Allens' home and greenhouse and also landed in their swimming pool. The lower portion of the tree and its roots remained on Mr. Simon's property.

Mr. Allen filed the instant cause of action for reimbursement in Lafayette City Court, naming Mr. Simon and Allstate Insurance Co., the issuer of Mr. Simon's

homeowner's insurance policy, as defendants. In his petition, Mr. Allen alleged that pursuant to La.Civ.Code art. 688, he made oral and written demand upon Mr. Simon to remove the fallen tree, which was interfering with the enjoyment of his property. However, Mr. Simon did not comply with these demands. As such, he had the tree removed at his expense, and, as of the date of the petition had not been reimbursed. Mr. Allen noted he was aware of the Act of God defense to claims for damages; however, he emphasized that the cause of action was limited to a claim for reimbursement for expenses related to removal of the tree so that he and his wife might enjoy their property and was not a claim for damages.

Mr. Simon and Allstate answered, asserting the affirmative defense of Act of God. Mr. Allen's wife, Suzan, intervened, asserting an incidental demand against the defendants for reimbursement. Mr. Simon and Allstate likewise answered Ms. Allen's intervention, again raising the affirmative defense of Act of God.

Mr. and Ms. Allen filed a motion for summary judgment, asserting there was no genuine issue of material fact in the matter, and, pursuant to La.Code Civ.P. art. 966, they were entitled to judgment as a matter of law. In their supporting memorandum, the Allens addressed the defendants' Act of God defense. They did not dispute the tree fell due to hurricane-force winds; however, they argued because they sought only reimbursement, not property damages, the Act of God defense was inapposite. Instead, they contended, the issue for the trial court's determination was whether Mr. Simon was entitled to abandon his tree on their property following Hurricane Lili. The Allens claimed when they asked Mr. Simon to remove the tree and he refused, he abandoned the tree. Citing the fourth circuit decision of *Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Company*, 00-2754 (La.App. 4 Cir.

2

11/14/01), 803 So.2d 86, *writ denied*, 01-3292 (La. 3/8/02), 811 So.2d 887, the Allens argued Mr. Simon's decision to abandon the tree was separate from the Act of God that caused the tree to fall onto their property, thus, the Act of God defense did not obviate Mr. Simon's responsibility to remove the tree.

The Allens suggested they were entitled to reimbursement pursuant to La.Civ.Code art. 688, claiming that because Mr. Simon's tree was interfering with the enjoyment of their property, they could demand its removal. In support of this argument and their motion for summary judgment, the Allens attached affidavits of Mr. Allen and Mr. Green of Tree Health Care, bills from Tree Health Care, and a letter, dated October 9, 2002, in which Mr. Allen asks Mr. Simon to remove the fallen tree on the grounds that it interfered with the enjoyment of their property. The Allens pointed out that in order to move its equipment into place to remove Mr. Simon's tree, it was necessary for Tree Health Care to remove a large pear tree from their property. The invoices attached to the Allens' motion indicated that the pear tree was removed at a cost of $400, and Mr. Simon's tree was removed at a cost of $3,575.

In their motion in opposition, Mr. Simon and Allstate maintained that the Act of God defense was a proper defense to the Allens' claim for reimbursement. The defendants contended that the Allens were trying to bypass the effects of the Act of God defense by arguing for reimbursement instead of for damages. However, the defendants observed, the tree at issue fell as a result of a hurricane. The defendants noted there was no evidence Mr. Simon's acts or omissions caused the tree to fall onto the Allens' property; as such, they contended, the Act of God defense precludes recovery. The defendants likewise countered the Allens' argument that they are entitled to reimbursement by operation of La.Civ.Code art. 688, pointing out this

3

article is not applicable because it is meant to apply to causes of action involving standing trees, plants, and such.

The trial court denied the Allens' motion for summary judgment. In turn, Mr. Simon and Allstate filed a motion for summary judgment, asserting no genuine issue of material fact existed, no act or omission attributable to Mr. Simon caused the tree to fall, and the Act of God defense served to deny the Allens' claims for reimbursement. The defendants supported their contentions largely with arguments offered in opposition to the Allens' motion for summary judgment. Similarly, the Allens' opposition to the defendants' motion consisted of arguments advanced in support of their own motion for summary judgment. The matter was submitted on briefs. The trial judge granted the defendants' motion for summary judgment, finding the tree fell as a result of an Act of God and such an act was not covered by the homeowners' policy issued on behalf of Mr. Simon by Allstate. Accordingly, the trial judge dismissed the Allens' claims with prejudice.

The Allens appeal, asserting as their sole assignment of error that

the lower court erred in finding that the Act of God defense applies to the facts of this case, thereby insulating Louis Simon and Allstate Ins. Co. from liability for removal of Simon's tree which was abandoned on property owned by Raymond and Suzan Allen.

## ANALYSIS

In reviewing summary judgments, appellate courts are to conduct a *de novo* examination employing the standards governing trial courts in their determinations as to whether summary judgments are warranted. *Allen v. State ex rel. Ernest N. Morial New Orleans Exhibition Hall Authority*, 02-1072 (La. 4/9/03), 842 So.2d 373. The circumstances in which a motion for summary judgment may properly be granted

are outlined in La.Code Civ.P. art. 966. Louisiana Code of Civil Procedure Article 966(B) provides, in pertinent part, that:

> [t]he judgment sought [by the movant] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

In the instant appeal, the Allens contest the defendants' successful motion for summary judgment. According to the provisions of La.Code Civ.P. art. 966(C)(2), the defendants' motion was subject to the following burden of proof:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In *Lake Charles Memorial Hospital v. Parish of Calcasieu*, 98-519, p. 3 (La.App. 3 Cir. 12/9/98), 728 So.2d 454, 456, *writ denied*, 99-71 (La. 3/12/99), 739 So.2d 213, a panel of this court noted that an appellate court "must review the summary judgment with reference to the substantive law applicable to the case." Accordingly, we must determine whether the motion for summary judgment was granted based upon a consideration of the proper substantive law applicable.

We note that the dispute on appeal centers around the trial judge's application of the law pertaining to the Act of God defense to the matter at issue. In its opinion in *Caldwell v. Let The Good Times Roll Festival*, 30,800, p. 17 (La.App. 2 Cir. 8/25/98), 717 So.2d 1263, 1272, *writ denied*, 98-2489 (La. 11/25/98), 729 So.2d 566, the second circuit provided the following discussion of the Act of God defense:

An Act of God in common law terminology is a concept similar to the civilian doctrine of force majeure, a superior or irresistible force that is, in the legal sense, sufficient to excuse a defendant's neglect of a duty and relieve him of liability to a plaintiff. This concept, or defense, which excuses a defendant from liability, has been defined as:

> a providential occurrence or extraordinary manifestation of the forces of nature which could have not been foreseen and the effect thereof avoided by the exercise of reasonable prudence, diligence and care or by the use of those means which the situation renders reasonable to employ.
>
> *Southern Air Transport v. Gulf Airways*, 215 La. 366, 40 So.2d 787, 791 (La.1949).
>
> An Act of God is an unusual, extraordinary, sudden, and unexpected, manifestation of the forces of nature which man cannot resist. The fact that no human agency can resist an Act of God renders misfortune occasioned solely thereby a loss by inevitable accident which must be borne by the one upon whom it falls. . . .
>
> *Rector v. Hartford Acc. & Indemnity Co.*, 120 So.2d 511, 515 (La.App. 1st Cir. 1960).

An injury caused by an Act of God is an injury due directly and exclusively to natural causes which could not have been prevented by the exercise of reasonable care and foresight. Recovery for injuries caused by extreme weather conditions may be precluded by the application of this rule. *Rector v. Hartford, supra*, p. 515.

We note that there were no material factual issues in dispute; all parties were in accordance with respect to the facts that the tree fell as a result of Hurricane Lili, without fault on the part of Mr. Simon, and that it landed on the Allens' property.

It is important to note the Allens are not seeking recovery for the damages to their roof, greenhouse or swimming pool. They simply are requesting reimbursement for their expenses in removing the fallen tree off their property. At the heart of this matter is the simple question of ownership. Trees are presumed to belong to the owner of the ground, unless separate ownership is evidenced. See La.Civ.Code art.

6

491. The Allens are requesting that Mr. Simon reimburse them for the removal of the tree, which he owns, from their property.

In support of its argument that the Act of God defense is not applicable to the facts in this case, the Allens cite *Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co., et al.*, 00-2754 (La.App. 4 Cir. 11/14/01), 803 So.2d 86, *writ denied*, 01-3292 (La. 3/8/02), 811 So.2d 887. In *Terre Aux Boeufs*, a barge, which had been moored to a fuel dock during Hurricane Georges, broke free of its restraints. The hurricane's winds carried the barge nearly 1,000 feet away, where it landed on plaintiff Terre Aux Boeuf's marshland property. The vessel at issue was owned by J.R. Gray Barge Co. and was subject to a series of charter contracts, which other named defendants had executed prior to the hurricane. Gray Barge claimed a constructive total loss of the barge and was indemnified by its insurer. The barge was then abandoned and left on the plaintiff's property. Terre Aux Boeufs filed suit against Gray Barge, its insurer, and the parties to the charter contracts, seeking an injunction to compel the removal of the barge from its property. The defendants argued the Act of God defense precluded the plaintiff's recovery. The trial judge determined:

> the defendants have a duty to remove the barge despite the validity of their Act of God defense because the 1986 amendments to the federal Wreck Act "create[ ] a duty on the part of the owner, operator/lessee of a wrecked vessel to remove a wreck at their cost **regardless** of the cause of the wreck."

*Terre Aux Boeufs*, 803 So.2d at 90. After addressing choice of law issues, the fourth circuit discussed the Act of God defense under federal admiralty law and under Louisiana law and arrived at the following conclusions:

> As indicated by the above cases [*Rector* and *Southern Air*, excerpted above], the Act of God defense applies only if the following circumstances exist: (1) the accident is "due directly and exclusively to natural causes without human intervention", and (2) no negligent

7

behavior by the defendant[s] contributed to the accident. In the instant case, the trial judge found that the stranding of the barge on TAB's property was due to an Act of God, Hurricane George [sic], and that no negligent behavior on the part of any of the defendants contributed to the accident. TAB does not challenge either of those findings in this court. Thus, the trial judge properly found that the accident that resulted in the stranding of the defendants' barge on TAB's property was an Act of God. All parties to this appeal agree to this finding.

. . . .

[T]he trial judge [...] implicitly found that the defendants' decision to abandon the barge on TAB's property was not caused by an Act of God, and that the exercise of prudence and care on the part of the defendants could have prevented the continuing presence of the barge on TAB's property. Accordingly, the trial judge found, the Act of God defense does not relieve the defendants from responsibility for removal of the barge from TAB's property.

We agree with the trial court's implicit decision. The abandonment of the barge was unrelated to Hurricane Georges. . . . Nothing in the record suggests that the defendants' failure to remove the barge was influenced by Hurricane Georges or any other Act of God. Thus, we find no manifest error in the trial judge's implicit finding that the Act of God defense does not relieve the defendants from responsibility for removal of their barge.

*Id*. At 93-94.

Interestingly, the fourth circuit reversed the trial court's specific finding that the defendants were liable for removal of the barge from plaintiff's property under the provisions of the Wreck Act. It held "the Wreck Act has no application to this case, either directly or by analogy." Thus, it found the defendants liable for the removal from the barge based solely on its ownership of the barge and the fact that it was not divested of its ownership of the barge due to the Act of God.

The Allens argue in the present appeal, as in *Terre Aux Boeufs*, an Act of God does not absolve the defendants of the responsibility to remove the fallen tree from their property. We agree. The same situation exists here as in *Terre Aux Boeufs*. An Act of God caused the tree to fall onto the Allens property. However, Mr. Simon's decision to leave his tree on the Allens' property was not related to the Act of God.

8

Hurricane Lily did not divest Mr. Simon of his ownership of the tree, just as Hurricane Georges did not divest the ownership of the barge. As in *Terre Aux Boeufs* the issue here is divestiture of ownership, not damages caused by an Act of God.

Were it not a fallen tree, but rather a swing set, a boat, or even an automobile, it is likely Mr. Simon's position would not be the same. Surely, he would not argue he was divested of ownership of any property he deemed valuable just because a wind caused it to land on the Allen's property. Mr. Simon's ownership of the tree, thus, was not divested by wind or whimsy. His obligation to take steps to remove his property off his neighbor's property has long been recognized.

## DECREE

For the foregoing reasons, the trial court's ruling granting the defendants' motion for summary judgment and dismissing the Allens' cause of action with prejudice is reversed. The matter is remanded to the district court for further proceedings consistent with this opinion. All costs of this proceeding are assigned to the defendants-appellees, Allstate Insurance Company and Louis Simon.

**REVERSED AND REMANDED.**

NUMBER 04-4

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

RAYMOND MORGAN ALLEN

VERSUS

LOUIS SIMON AND ALLSTATE INS. CO.

AMY, J., dissenting.

I respectfully dissent from the majority as I would affirm the granting of the motion for summary judgment in favor of the defendants. In my opinion, the affirmative defense of Act of God prohibits recovery of the costs associated with the tree's removal.

This situation was not one produced, even in part, by the fault of any actor or a defect or vice. Rather, it was one produced solely by the winds of Hurricane Lili. Referencing applicable jurisprudence in its analysis, including that of the Louisiana Supreme Court, the second circuit has explained that the Act of God or *force majeure* defense is applicable in instances where damages are caused exclusively by natural causes which are unavoidable through the exercise of reasonable care. *See Caldwell v. Let The Good Times Roll Festival*, 30,800 (La.App. 2 Cir. 8/25/98), 717 So.2d 1263, *writ denied*, 98-2489 (La. 11/25/98), 729 So.2d 566. As noted in that case, "[t]he fact that no human agency can resist an Act of God renders misfortune occasioned solely thereby a loss by inevitable accident which must be borne by the one upon whom it falls." *Id.* at 1272, *quoting, Rector v. Hartford Acc. & Indemnity, Co.*, 120 So.2d 511 (La.App. 1 Cir. 1960). Certainly the hurricane force winds that felled the tree, creating the need for the tree's removal, are to be considered among those subject to the defense of *force majeure*. In fact, jurisprudence indicates that the Act of God defense has been found applicable in situations where trees were uprooted

due to winds. *See Kirsch v. Kappa Alpha Order, et al.*, 373 So.2d 775 (La.App. 3 Cir. 1979); *Rector*, 120 So.2d 511.

Furthermore, I find no merit in the plaintiffs' assertion that the Act of God defense is inapplicable given the fourth circuit's reasoning in *Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co.*, 00-2754 (La.App. 4 Cir. 11/14/01), 803 So.2d 86, *writ denied*, 01-3292 (La. 3/8/02), 811 So.2d 887. As observed by the majority, *Terre Aux Boeufs* involved the question of whether the plaintiff could compel removal of a barge left on their property following Hurricane Georges. Although the trial court found the Act of God defense inapplicable in that case, the circumstances surrounding *Terre Aux Boeufs* and those of the instant matter are distinguishable in my opinion. First, the plaintiff in *Terre Aux Boeufs* had not moved the defendants' barge before filing suit; instead, they asked for an injunction, requesting the defendants to move the barge themselves. Additionally, *Terre Aux Boeufs* involved numerous statutory bases for recovery of damages and for an injunction. In the matter *sub judice*, however, the legal basis for recovery cited by the plaintiffs, La.Civ.Code art. 688, is one I find inapplicable, as discussed below. Moreover, in *Terre Aux Boeufs*, the defendant barge owner was indemnified by its insurer for its total loss; accordingly, as time elapsed, it was apparent that the owner, having received insurance proceeds, had no intention of recovering the barge from the plaintiff's property. In the instant appeal, the record reflects that the tree fell on October 3, 2002. On October 9, 2002, the plaintiffs sent the demand letter to Mr. Simon. The next day, October 10, 2002, the plaintiffs had the tree removed.

I also point out that the plaintiffs have cited another portion of *Terre Aux Boeufs* in support of their position on appeal, *viz.*, that they have met all the necessary requirements of a possessory action pursuant to La.Code Civ.P. art. 3655 and that the

2

presence of the tree constitutes a disturbance "in fact" of their possession. The plaintiffs claim that this disturbance entitles them to damages pursuant to La.Code Civ.P. art. 3662. However, this argument was not made below; accordingly, it is one I do not find properly considered on appeal.

Further, I find no merit in the plaintiffs' contention, made in support of their own motion for summary judgment, that they are afforded recovery of the removal costs pursuant to La.Civ.Code art. 688. In my opinion, reference to the text of the article indicates its applicability solely to overhanging branches and roots of trees, bushes, and plants. The present case differs in that it is the entirety of an uprooted tree which must be removed. Again, as noted above, removal of the tree was not necessitated due to natural growth, but resulted from hurricane force winds. Hence, La.Civ.Code art. 688 is just not applicable to this situation.

It seems to me that the argument/theory pursued by the plaintiffs in their case is one very similar to that provided by La.Civ.Code art. 2317. On its face, Article 2317 would appear applicable as it states, in part, that: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, of the things which we have in our custody." In this case, the property of the defendant unquestionably caused harm to the plaintiffs, albeit driven by hurricane force winds. However, recovery for strict liability under Article 2317 requires the existence of a vice or defect presenting an unreasonable risk of harm. Here, there was no such vice or defect which caused the harm. Such a concept is a form of absolute liability, a remedy unavailable in these circumstances given that theory's stringent standards for recovery as explained by the Louisiana Supreme Court in *Kent v. Gulf States Utilities, Co.*, 418 So.2d 493 (La.1982).

3

For these reasons, I respectfully dissent from the reversal of the summary judgment granted in favor of the defendants.